Nathan E. Denning (admitted *pro hac vice*)
Michael L. Kenny Jr. (admitted *pro hac vice*)
Daniel J. LaRose (admitted *pro hac vice*)
Gabriella E. Bensur (admitted *pro hac vice*)
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
Telephone: (212) 551-2600
ndenning@wiggin.com
mkenny@wiggin.com
dlarose@wiggin.com
gbensur@wiggin.com

Teresa S. Renaker, Cal. Bar No. 187800
Kirsten G. Scott, Cal Bar. No. 253464
RENAKER SCOTT LLP
505 Montgomery St., Suite 1125
San Francisco, CA 94111
Telephone: (415) 653-1733
teresa@renakerscott.com
kirsten@renakerscott.com

*Attorneys for Plaintiff Leslie Berland*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| LESLIE BERLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>X CORP., f/k/a TWITTER, INC., X HOLDINGS, ELON MUSK, LINDSAY CHAPMAN, DHRUV BATURA, BRIAN BJELDE, and TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY,<br><br>    Defendants. | Case No. 24-cv-07589<br><br>**PLAINTIFF'S [PROPOSED] SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE COMPLAINT'S SECOND CAUSE OF ACTION**<br><br>Date: April 24, 2025<br>Time: 10:00 a.m.<br>Place: Courtroom 8<br>Judge: Hon. Jacqueline Scott Corley |

Defendants' Reply relies extensively on a Sixth Circuit case—*Kramer v. Am. Elec. Power Exec. Severance Plan*, 128 F.4th 739 (6th Cir. 2025)—which was decided on February 10, 2025, six days after Plaintiff filed her Opposition.  *Kramer* held that a severance plan was "maintained . . . to provide deferred compensation," *Kramer*, 128 F.4th at 747, and was thus a "top hat" plan, where the benefits were to be paid in "installments" over a one-year period following the termination.  *Id.* (payments made at six months and then "in 13 equal bi-weekly installments on the . . . regular payroll dates," such that "at least one year will pass between the time [plan participants] acquire the right to compensation and when the final installment becomes payable").  *Kramer*'s holding does not answer the question raised by Defendants' Motion to Dismiss—whether the "lump-sum" change-of-control severance plan at issue here was maintained "primarily for the purpose of providing deferred compensation." 29 U.S.C. § 1051(2).  And Defendants' broad reading of *Kramer*'s language beyond the facts in that case is unpersuasive.

*First*, unlike the plan at issue in *Kramer*, the Plan here has no extended "payment schedule" tied to "regular payroll dates." *Kramer*, 128 F.4th at 747.  Rather, the Plan here provides for an immediate, lump-sum payment as soon as the participant's release becomes effective (so, 61 days after termination).  (ECF No. 1-2 at 1-2.)  This difference is significant, as a plan can be a top hat plan only if it provides "deferred compensation."  *Kramer* held that a severance plan provided for "deferred compensation" where it provided for compensation to be paid at regular intervals (including on 13 "regular payroll dates") over the course of the year following termination, *Kramer*, 128 F.4th at 747; it does not say anything about whether a lump-sum payment made ***upon termination*** is "deferred compensation."  Nor is such a payment "deferred compensation."  As the Third Circuit explained in *Accardi v. IT Litig. Tr. (In re IT Grp., Inc.)*, 448 F.3d 661 (3d Cir. 2006)—a case on which *Kramer* relies, *see Kramer*, 128 F.4th at 747—the "main purpose" of a deferred compensation plan "is to defer the payment of taxes." *In re IT Grp., Inc.*, 448 F.3d at 664.  An immediate payout upon termination is not "deferred" and certainly cannot have the purpose of deferring taxes, because the participant had no right to receive the payment before termination, and therefore faced no risk of taxation based on actual

or constructive receipt of the funds.

*Second*, Defendants overread *Kramer* to suggest that ***every*** executive severance plan is "primarily for the purpose of providing deferred compensation" under ERISA, 29 U.S.C. § 1051(2). Although the Sixth Circuit does appear to have erred by conflating compensation that is ***contingent*** (as in a plan to provide compensation upon the occurrence of a termination under specified circumstances) with compensation that is ***deferred*** (as in a plan to reduce taxes by deferring income),[1] neither *Kramer* nor the cases on which it relies suggest that ***any*** future compensation is "deferred compensation" regardless of the reason for the compensation or the contingencies under which it will be paid. For instance, in *Duggan v. Hobbs*, 99 F.3d 307 (9th Cir. 1996), another case on which *Kramer* relies, the Ninth Circuit held that a severance agreement was a plan of deferred compensation ***because*** it provided lifetime retirement benefits—specifically, the arrangement negotiated in *Duggan* gave the employee the right to receive lifetime income "in consideration for [his] . . . years of loyal service" and certain waivers of claims. *Id.* at 309. Thus, neither *Duggan* nor *Kramer* stands for the proposition that ***all*** future payments are a form of deferred compensation.[2]

Nor would such a broad reading of *Kramer* make sense. Extending the term "deferred compensation" to any contingent future payments would mean that plans such as employer-sponsored life insurance or death benefit plans, disability benefit plans, and long-term care benefit plans would ***all*** be rendered plans of "deferred compensation." This makes no

---

[1] A plan that primarily provides for contingent compensation is not a top hat plan because it is not "maintained by an employer ***primarily*** for the purpose of providing deferred compensation." 29 U.S.C. § 1051(2). The plan at issue in *Kramer* was maintained to pay compensation upon the occurrence of a specified future contingency. Indeed, Plaintiff Derek Kramer did not receive any compensation under the plan because the contingency didn't occur—the administrator found that he was fired "for cause" and therefore could not receive benefits under the contingency requirements of the plan. *Kramer*, 128 F.4th at 744, 750. Thus, respectfully, the Sixth Circuit erred when it concluded that the plan in *Kramer* was a top hat plan.

[2] The other two cases that *Kramer* relies on, *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir. 1989) and *Am. Int'l Grp., Inc. v. Guterman*, 496 F. App'x 149 (2d Cir. 2012), do not contain any detailed factual analysis regarding the ERISA plans at issue. Therefore, these two cases do not shed light on whether the Plan at issue is a top hat plan.

1  sense.  What's more, because a plan that results in a deferral of income by employees for
2  periods extending to the termination of covered employment or beyond is a pension plan, *see*
3  ERISA, 29 U.S.C. § 1002(2)(a)(ii), such an extension would make all of those plans subject to
4  the vesting, funding, and other requirements that apply to pension plans—and would also
5  extend ERISA pension regulation to contingent benefits not currently covered by ERISA.  This
6  outcome would be contrary both to the intent of ERISA to regulate specific types of employee
7  benefit plans in specific ways, and also to the real-world management of such plans, which
8  mirrors that intent.  *See, e.g.*, *Rich v. Shrader*, 823 F.3d 1205, 1211 (9th Cir. 2016) ("The mere
9  possibility that income *can* be deferred does not mandate ERISA coverage."); *Murphy v. Inexco*
10  *Oil Co.*, 611 F.2d 570 (5th Cir. 1980) ("[T]he mere fact that some payments under a plan may
11  be made after an employee has retired or left the company does not result in ERISA
12  coverage.").
13         As Plaintiff explained in her Opposition, the Plan at issue here provides for contingent
14  compensation, not deferred compensation, and the Plan certainly was not "primarily for the
15  purpose of providing deferred compensation."  (Opp. at 17.)  Contrary to Defendants'
16  arguments, *Kramer* does not affect this conclusion.

18  Dated: March 17, 2025                          Respectfully submitted,

20                                   By:        */s/ Gabriella E. Bensur*

22                                          RENAKER SCOTT LLP
                                            Kirsten G. Scott
23                                          Teresa R. Renaker

25                                          WIGGIN AND DANA LLP
                                            Nathan E. Denning (admitted *pro hac vice*)
26                                          Michael L. Kenny Jr. (admitted *pro hac vice*)
                                            Daniel J. LaRose (admitted *pro hac vice*)
27                                          Gabriella E. Bensur (admitted *pro hac vice*)

28                                          *Attorneys for Plaintiff Leslie Berland*