| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP<br>Eric Meckley, (Bar No. 168181)<br>eric.meckley@morganlewis.com<br>Dylan Rudolph, (Bar No. 278707)<br>dylan.rudolph@morganlewis.com<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1596<br>Tel: +1.415.442.1000<br>Fax: +1.415.442.1001<br><br>Jeremy P. Blumenfeld (admitted *pro hac vice*)<br>jeremy.blumenfeld@morganlewis.com<br>Brian W. Sullivan (admitted *pro hac vice*)<br>brian.sullivan@morganlewis.com<br>2222 Market Street<br>Philadelphia, PA 19103-3007<br>Tel: +1.215.963.5000 | MORGAN, LEWIS & BOCKIUS LLP<br>Christopher J. Boran (admitted *pro hac vice*)<br>christopher.boran@morganlewis.com<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606-1511<br>Tel: +1.312.324.1000<br><br>Abbey M. Glenn (Bar No. 267751)<br>abbey.glenn@morganlewis.com<br>1111 Pennsylvania Ave, NW<br>Washington, DC 20004-2541<br>Tel: +1.202.739.3000 |

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| LESLIE BERLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>X CORP., f/k/a TWITTER, INC., X HOLDINGS, ELON MUSK, LINDSAY CHAPMAN, DHRUV BATURA, BRIAN BJELDE, and TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY,<br><br>    Defendants. | Case No. 3:24-cv-7589-JSC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION OF PLAINTIFF'S THIRD AND FOURTH CAUSES OF ACTION** |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 1 -

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SUR-REPLY
3:24-CV-7589-JSC

Plaintiff's Motion for Leave to File a Sur-Reply in Opposition to Defendants' Motion to Compel Arbitration of Plaintiff's Third and Fourth Causes of Action (Dkt. 62) is untimely, improper, and unpersuasive. The Court should deny it for the reasons set forth below.

***First***, Plaintiff's request is untimely. Local Rule 7-3(d) provides that a party may seek leave to file a sur-reply "not more than 7 days after the reply was filed." *See* L.R. 7-3(d); *Sessoms v. Bright*, 2015 WL 7301821, at *4 (N.D. Cal. Nov. 19, 2015). Defendants filed their Reply on May 30, 2025, Dkt. 59, such that the deadline for Plaintiff to seek leave to file a sur-reply was June 6, 2025. Because Plaintiff did not file her Motion for Leave until three days later, on June 9, it is untimely and should be denied. *See* Dkt. 62; *Sessoms*, 2015 WL 7301821, at *4 (denying request to submit sur-reply as untimely when request "came in eleven days after defendant's reply" and noting that pursuant to " Civil Local Rule 7–3(d)(1), any objection to a reply must be filed within seven days of that reply's submission").

Perhaps recognizing this problem, Plaintiff styled her Motion for Leave as an administrative motion pursuant to Local Rule 7-11. However, Local Rule 7-11 concerns requests for other "miscellaneous administrative" relief, "such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." L.R. 7-11. It does not apply to relief already addressed in other "local rules." *Id.* Plaintiff's Motion for Leave is governed by Local Rule 7-3, rendering Local Rule 7-11 inapplicable. The Court should deny Plaintiff's attempt to circumvent the 7-day deadline imposed under Local Rule 7-3.

***Second***, Plaintiff's sur-reply is unwarranted. Plaintiff suggests that Defendants' arguments concerning the venue provision related to the 2013 Equity Incentive Plan ("2013 EIP") were "made for the first time" in their Reply brief. Dkt. 62 at 2. But these were proper reply arguments made in response to Plaintiff's Opposition arguments based on the same venue provisions. Dkt. 59. Indeed, if Plaintiff were correct in arguing otherwise, then a sur-reply would be warranted for nearly every motion—at least to the extent the moving party does not anticipate every argument its opponent might make and preemptively address those arguments in its opening brief. In short, because Defendants merely responded to arguments raised in Plaintiff's Opposition, a sur-reply is improper. *E.g., Sanchez-Martinez v. Freitas*, 2024 WL 396594, at *2 (N.D. Cal. Feb. 1, 2024).

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SUR-REPLY
3:24-CV-7589-JSC

***Third***, Plaintiff's sur-reply arguments are meritless, in any event.  To start, while Plaintiff contends that Defendants have improperly identified the 2013 EIP, she ignores that Defendants have merely identified the *very same* document Plaintiff represents is the 2013 EIP in her Complaint. *See* Dkt. 1-4. For example, in her Complaint, Plaintiff avers that: "Under the terms of her award agreements, including the 2013 Equity Incentive Plan Restricted Stock Unit Agreements, Ms. Berland's RSU and PSU interests continued to vest while she was still employed. (See Exhibit C.)." Dkt. 1 ¶ 200 (citing Dkt. 1-4).  In other words, the 2013 EIP document on which Defendants base their Reply arguments is the very same document Plaintiff has identified as the governing plan document from the start of this case.  *Compare* Dkt. 1-4 *with* Dkt. 59-2.[1]

Nevertheless, in her proposed sur-reply, Plaintiff argues that the 2013 EIP constitutes only the first 18 pages of the document she identified as the 2013 EIP in her Complaint.  Dkt. 62-2 at 1 ("The 2013 Equity Incentive Plan is set forth at page 1 through 18 of ECF No. 1-4[.]").  From there, Plaintiff argues that the venue selection provision on which she based her Opposition arguments is not contained within the 2013 EIP, but rather is located in a "form agreement" that merely accompanied the 2013 EIP and was thereafter used as a template for the individual Award Agreements she received under the 2013 EIP during her employment.  *Id.*  But even if credited, this argument does not advance Plaintiff's contention that her claims under the 2013 EIP and accompanying Award Agreements are not subject to the Arbitration Agreement.

For one thing, if Plaintiff is correct that the 2013 EIP omits the venue provision on which she based her Opposition arguments, then it follows that *nothing* in the language of the 2013 EIP itself avoids application of the Arbitration Agreement to her claims.  Dkt. 59-2.

For another thing, while Plaintiff insists that the venue provision exists only in the "form agreement" that accompanied the 2013 EIP, this does not change the fact that the venue provision was part-and-parcel of the 2013 EIP from the start—including when Plaintiff signed her Offer Letter and the Arbitration Agreement in 2016.  Dkt. 59 at 3.

---

[1] Additionally, the 2013 EIP document attached to Defendants' Reply (and submitted with Plaintiff's Complaint) is identical to the 2013 EIP document Plaintiff submitted with her appeal of her pre-litigation benefits claim.  If the Court would like Defendants to submit that document with a Declaration attesting to its authenticity, Defendants would be happy to do so.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SUR-REPLY
3:24-CV-7589-JSC

Finally, Plaintiff's contention that she signed the Arbitration Agreement before receiving her individual Award Agreements—which contain the same venue provision found in the "form agreement" accompanying the 2013 EIP—is irrelevant because the venue provision does **not conflict** with the Arbitration Agreement.  Rather, as explained in Defendants' Reply, the venue provision merely applies to claims under the 2013 EIP and Award Agreements that are *litigated*. *See* Dkt. 59 at 2; *see also Ma v. Golden State Renaissance Ventures, LLC*, 2021 WL 2190912, at *7 (N.D. Cal. May 31, 2021); *Roma Mikha, Inc. v. S. Glazer's Wine & Spirits, LLC*, 2023 WL 3150076, at *1–2, *6 (C.D. Cal. Mar. 30, 2023).  The venue provision does not preclude arbitration of such claims, much less require that the parties must litigate rather than arbitrate any such claims.  Dkt. 59 at 2.  Thus, even if Plaintiff were somehow correct that the venue provision on which she relies existed only *after* she signed the Arbitration Agreement, it does not change the fact that her claims under the 2013 EIP and Award Agreements are properly subject to arbitration.  *Id.*

For all of these reasons, the Court should deny Plaintiff's untimely and unwarranted Motion for Leave or otherwise disregard the arguments contained in her proposed "Sur-Reply."

Dated: June 10, 2025                          MORGAN, LEWIS & BOCKIUS LLP


By /s/ Dylan D. Rudolph
     Dylan D. Rudolph

     *Attorneys for Defendants*

Morgan, Lewis & Bockius LLP
Attorneys at Law
San Francisco

- 4 -

DEFENDANTS' OPPOSITION TO MOTION
FOR LEAVE TO FILE SUR-REPLY
3:24-cv-7589-JSC