Nathan E. Denning (admitted *pro hac vice*)
Michael L. Kenny Jr. (admitted *pro hac vice*)
Daniel J. LaRose (admitted *pro hac vice*)
Gabriella E. Bensur (admitted *pro hac vice*)
WIGGIN AND DANA LLP
437 Madison Avenue, 35th Floor
New York, New York 10022
Telephone: (212) 551-2600
ndenning@wiggin.com
mkenny@wiggin.com
dlarose@wiggin.com
gbensur@wiggin.com

Teresa S. Renaker, Cal. Bar No. 187800
Kirsten G. Scott, Cal Bar. No. 253464
RENAKER SCOTT LLP
505 Montgomery St., Suite 1125
San Francisco, CA 94111
Telephone: (415) 653-1733
teresa@renakerscott.com
kirsten@renakerscott.com

*Attorneys for Plaintiff Leslie Berland*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| LESLIE BERLAND,<br><br>Plaintiff,<br>vs.<br><br>X CORP., f/k/a TWITTER, INC., X HOLDINGS, ELON MUSK, LINDSAY CHAPMAN, DHRUV BATURA, BRIAN BJELDE, and TWITTER, INC. CHANGE OF CONTROL AND INVOLUNTARY TERMINATION PROTECTION POLICY,<br><br>Defendants. | Case No. 24-cv-07589<br><br>**NOTICE OF MOTION AND MOTION FOR *CHUMAN* CERTIFICATION**<br><br>Date:  October 2, 2025<br>Time:  10:00 a.m.<br>Courtroom 8, 19th Floor<br>Judge:  Hon. Jacqueline Scott Corley<br><br>Complaint Filed: November 1, 2024<br>Trial: None Set |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on October 2, 2025, at 10:00 a.m., or at some other time as the Court directs, Plaintiff Leslie Berland ("Plaintiff") will, and hereby does, move this Court for an order, pursuant to *Coinbase v. Bielski*, 599 U.S. 736 (2023), and *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992), certifying that the interlocutory appeal by Defendants X Corp., f/k/a Twitter, Inc., X Holdings, Elon Musk, Lindsay Chapman, Dhruv Batura, Brian Bjelde, and the Twitter, Inc. Change of Control and Involuntary Termination Protection Policy (collectively, "Defendants") of the Court's Order Denying Defendants' Motion to Compel Arbitration (ECF No. 69) is frivolous and/or waived.

Should the Court certify the appeal as frivolous and/or waived, the Court should maintain jurisdiction over Plaintiff's Counts III and IV during the pendency of Defendants' interlocutory appeal.

Dated: August 28, 2025              Respectfully submitted,

                                   WIGGIN AND DANA LLP


                                   By:    *Nathan E. Denning*
                                          Nathan E. Denning
                                   Attorneys for Plaintiff
                                   LESLIE BERLAND

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

For the first seven months of this case, Defendants affirmatively disclaimed any purported right to arbitrate Counts III and IV of the Complaint.  (*See* ECF No. 58 at 3, 19-21.)  Now, having belatedly brought and lost a motion to compel arbitration of those claims, Defendants seek to automatically divest this Court of jurisdiction over those claims by taking an interlocutory appeal. (*See* ECF No. 75.)  Under the Supreme Court's decision in *Coinbase v. Bielski*, 599 U.S. 736 (2023) ("*Bielski*"), such an appeal would, under ordinary circumstances, require an automatic stay of Counts III and IV while the appeal is decided.  But the Supreme Court in *Bielski* also recognized that, in other circumstances, such as when an appeal has no meaningful likelihood of success, there are procedures by which a district court can proceed with adjudicating such claims pending resolution of the appeal.  *Bielski*, 599 U.S. at 745 ("In addition, nearly every circuit has developed a process by which a district court itself may certify that an interlocutory appeal is frivolous."). The Ninth Circuit adopted such a procedure in *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), which permits a district court to retain jurisdiction pending an interlocutory appeal by certifying that the appeal is "frivolous or forfeited."  *Id.* at 105.  A *Chuman* certification is warranted here, for two independent reasons:  (1) Defendants' argument for arbitration is squarely foreclosed by recent Ninth Circuit precedent; and (2) in any event, Defendants waived any right to take an immediate interlocutory appeal when they failed to timely raise (and even repeatedly disclaimed) their purported right to arbitrate.

*First*, Defendants' interlocutory appeal has no meaningful likelihood of success.  As the Court observed, Defendants' motion to compel presented "the [*Suski v.*] *Coinbase* situation exactly."  (Ex. 1 (July 24, 2025 Motion Hrg. Tr.) at 8:13-16 (referencing the Ninth Circuit's recent decision in *Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022) ("*Suski*"), which the Supreme Court affirmed in *Coinbase, Inc. v. Suski*, 602 U.S. 143, 152 (2024)).)  Defendants, who initially failed to mention *Suski* in their briefing but ultimately acknowledged it was binding (Ex. 1 at 6:19-22), also "don't have any case that suggests that" *Suski* "doesn't apply" (*id.* at 15:5-11). If anything, and as the Court also observed, the situation here is even **worse** for Defendants than

it was in *Suski*, as the Award Agreements at issue here, unlike the subsequent sweepstakes agreement in *Suski*, "***also*** contain an integration clause." (ECF No. 69 at 6 (emphasis added).) Defendants' appeal will, therefore, inevitably fail.

*Second*, even if Defendants' interlocutory appeal had any merit at all (and it doesn't), Defendants waived the right to take an immediate interlocutory appeal by failing to timely raise— and even affirmatively disclaiming—their purported right to arbitrate. (*See* ECF No. 58 at 17-21.) As Plaintiff set forth in earlier briefing, Defendants waived any purported right to arbitrate well before they filed the motion to compel at issue in their interlocutory appeal. (*Id.*) Interlocutory appeal or no, Defendants cannot undo their prior waiver. Nor can Defendants now demand an immediate appeal to preserve a purported right they previously disclaimed.

Furthermore, a *Chuman* certification is particularly warranted here because Defendants have now revealed that their interlocutory appeal is a gambit to delay ***the entirety of*** this case (including claims they concede are not arbitrable), and that they were less than forthcoming with this Court about their intentions when moving to compel arbitration. Contrary to what Defendants previously told this Court—that their motion "***does not involve Counts I and II***" and that they were seeking only to "stay this action as it relates to Counts III and IV" (ECF No. 56 at 9, 16)— Defendants are now telling the Ninth Circuit that they have the "***right to seek a stay of the remaining two ERISA claims that are not subject to this appeal (Counts I and II) pending appeal***" (Ex. 2 (*Berland v. X Corp.*, No. 25-5313, Dkt. No. 7 (9th Cir. Aug. 26, 2025)) at 2). In other words, Defendants now seek to use their hopeless appeal with respect to Counts III and IV as a vehicle to seek a stay of ***all*** claims, even those claims Defendants concede must be litigated in this Court. This underhanded behavior warrants a *Chuman* certification both to prevent the unnecessary delay that would result from an automatic stay of Counts III and IV, as well as to foreclose Defendants from citing their interlocutory appeal as a reason to delay—presumably for years—the resolution of admittedly non-arbitrable claims.[1]

---

[1] Notably, even though Defendants' appeal was docketed only days ago, Defendants have already sought an extension of time from the Ninth Circuit to file their appellants' brief. (*Berland v. X Corp.*, No. 25-5313, Dkt. No. 8 (9th Cir. Aug. 28, 2025).)

## II.    ARGUMENT

The District Court should certify Defendants' appeal as frivolous and/or waived so that it can retain jurisdiction over Counts III and IV pending Defendants' interlocutory appeal.

Both the Supreme Court (in *Bielski*, 599 U.S. at 745) and the Ninth Circuit (in *Chuman*, 960 F.2d at 105) have recognized that there would be cases, like this one, where a Defendant pursued an either frivolous or waived interlocutory appeal for purposes of delay.  And both the Supreme Court and the Ninth Circuit have endorsed the use of "robust [judicial] tools to prevent unwarranted delay and deter frivolous interlocutory appeals."  *Bielski*, 599 U.S. at 745; *see Chuman*, 960 F.3d at 105 (endorsing certification of frivolousness or waiver where an automatic stay would "significantly disrupt and delay trial court proceedings"); *see also* 15A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc. Juris.* § 3901 (3d ed.) ("[T]rial court proceedings are not stayed if the trial judge certifies that the appeal is frivolous.").

In *Chuman*, the Ninth Circuit considered the question of whether a district court could retain jurisdiction over a claim during the pendency of an interlocutory appeal based on qualified immunity.  960 F.2d at 104-05.  In general, the court held, where an "interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial."  *Id.* at 105.  The Ninth Circuit recognized, however, "that this result could significantly disrupt and delay trial court proceedings."  *Id.*  Accordingly, the Ninth Circuit expressly adopted a rule that, "[s]hould the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify" so in writing and proceed with trial.  *Id.*  At that point, "[t]he defendants in such a case may then apply to [the Ninth Circuit] for a discretionary stay."  *Id.* at 105 at n.1.  In the decades since the Ninth Circuit decided *Chuman*, district courts in this circuit have used *Chuman* certifications to retain jurisdiction over claims during the pendency of interlocutory appeals.  *See, e.g.*, *Shay v. Cnty. of Los Angeles*, No. 215CV04607CASRAOX, 2019 WL 5173769, at *3 (C.D. Cal. Oct. 10, 2019) (granting *Chuman* certification where the issue on appeal was foreclosed by law of the case and Ninth Circuit precedent); *Chambers v. Whirlpool Corporation*, No. SACV111733FMOJPRX, 2016 WL 11750675, at *1-2 (C.D. Cal. 2016) (finding appeal of nonfinal disposition frivolous and

NOTICE OF MOTION AND MOTION FOR *CHUMAN* CERTIFICATION

"proceed[ing] with the case as if the appeals had not been taken"); *Pike v. Hester*, No. 3:12-CV-00283-RCJ, 2013 WL 3491222, at *11 (D. Nev. July 9, 2013) ("The Court CERTIFIES that defendants have forfeited their right to pretrial appeal of the qualified immunity issue via waiver."); *California ex rel. Lockyer v. Miran Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (applying *Chuman* to federal and state antitrust claims and finding that, "[b]y certifying in writing that the [state attorney general]'s appeal is frivolous, the court is able to retain jurisdiction pending appeal"); *cf. Houghton v. Leshner*, No. 22-CV-07781-WHO, 2025 WL 798150, at *1 (N.D. Cal. Jan. 28, 2025) (declining to issue *Chuman* certification, but urging "the Ninth Circuit to take up defendants' appeal expeditiously").

In *Bielski*, the Supreme Court, relying on the same basic principle that an appeal typically "divests the district court of its control over those aspects of the case involved in the appeal," similarly held that, in general, an interlocutory appeal from a denial of a motion to compel arbitration requires the district court to stay proceedings with respect to the claims on appeal.  599 U.S. at 740, 744.  But, the Supreme Court cautioned, this general principle was not an invitation to pursue frivolous appeals or appeals that would result in "unwarranted delay."  *Id.* at 744-45. To the contrary, the Supreme Court warned, "the courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals . . . .  [N]early every circuit has developed a process by which a district court itself may certify that an interlocutory appeal is frivolous."  *Id.* at 745 (citing Brief for Petitioner at 51 (collecting *Chuman* and other cases)).  In other words, the Supreme Court expressly endorsed the procedure set forth in *Chuman* and other circuit court cases like it as a remedy for tactical use of interlocutory appeals to create "unwarranted delay."  *Id.*

A *Chuman* certification is appropriate here because Defendants' interlocutory appeal suffers from not just one, but both, infirmities the Ninth Circuit recognized as a basis for retaining district court jurisdiction.  *First*, the appeal is frivolous.  An appeal is frivolous "'when the result is obvious, or the appellant's arguments of error are wholly without merit.'"  *Chambers*, 2016 WL 11750675, at *2 (quoting *McConnell v. Critchlow*, 661 F.2d 116, 118 (9th Cir. 1981)).  The result of Defendants' appeal is "obvious" because *Suski*, which Defendants "did not even

acknowledge in their motion to compel" (ECF No. 69 at 5), obviously controls. As this Court explained: "Like the promotion contracts in *Suski*, the Award Agreements were all entered after the Dispute Resolution Agreement. Also like *Suski*, the specific venue provision in the Award Agreements requiring litigation in court evinces the parties' intent not to be governed by the Dispute Resolution Agreement." (ECF No. 69 at 6.) This alone was and is enough to resolve the issue Defendants seek to raise on appeal, but, as the Court observed, there is more: "[U]nlike *Suski*, the Award Agreements also contain an integration clause which states the Award Agreements 'constitute[] the entire understanding of the parties *on the subjects covered*.' This language at least implicitly if not explicitly revokes the Dispute Resolution Agreement as to the subjects covered under the Award Agreements, although under California law such revocation is not required for the latter contract to govern." (*Id.* (citation omitted and emphasis in original).) In short, the outcome here will inevitably be the same as it was in *Suski*, and Defendants' arguments to the contrary are "just wrong." (Ex. 1 at 8:13-16, 15:8.)

     *Second*, as Plaintiff explained in detail in her opposition to Defendants' motion to compel, Defendants previously waived any purported right to arbitrate. (*See* ECF No. 58 at 17-21.) But even if there could be some debate about whether Defendants waived their purported right to arbitrate entirely, at the very least they waived any right to an immediate appeal when they waited seven months to file their motion to compel, all the while disclaiming any right to arbitrate. *See Chuman*, 960 F.3d at 105; ECF No. 58 at 3. As Plaintiff explained, Defendants repeatedly acted inconsistently with any purported right to arbitrate, including when they:

> (i) moved to dismiss a portion of Plaintiff's Complaint under Rule 12(b)(6); (ii) took the positions in the Joint Case Management Conference Statement [] that Defendants "***do not believe that the case is suitable for reference to binding arbitration***", that the Court has jurisdiction over Plaintiff's "claims for breach of contract and breach of implied covenant of good faith and fair dealing", that discovery should ***include*** "discovery relating to Plaintiff's claims for breach of contract and breach of the duty of good faith and fair dealing involving the alleged breach of the equity agreement", and that the "legal issues" in dispute ***included*** "whether Defendants breached their agreements with Plaintiff"; (iii) acknowledged in response to the Court's inquiry at the Initial Case Management

Conference that Plaintiff has a "***right to a jury trial***" on Counts III and IV; (iv) served Rule 26 initial disclosures "[a]s to Counts III and IV"; (v) served responses and objections to Plaintiff's written discovery requests relating to Counts III and IV; (vi) proposed a Protective Order governing the case; and (vii) sought extensions of time to brief their motion to dismiss, to hold a hearing on their motion to dismiss, and to answer the Complaint.

(ECF No. 58 at 3 (citations omitted and emphases in original).)  Each of these acts individually was, and certainly all of them taken together were, inconsistent with any purported right to arbitrate.  *See Sequoia Benefits & Ins. Servs., LLC v. Costantini*, 553 F. Supp. 3d 752, 759 (N.D. Cal. 2021) (case management statement reciting that the case was not suitable for arbitration was inconsistent with right to arbitrate); *see also Hatefy v. Victory Auto. Grp., Inc.*, No. 22-CV-01093-NC, 2023 WL 11876678, at *3 (N.D. Cal. Jan. 19, 2023) (party waived right to arbitration where it did not indicate an intent to arbitrate in the case management statement); *Ambrosio v. Cogent Commc'ns, Inc.*, No. 14-CV-02182-RS, 2016 WL 4436091, at *6 (N.D. Cal. Aug. 5, 2016) (party waived right to arbitration when it "actively participated in efforts to structure this litigation, and outlined a detailed plan [in the case management statement] that excluded a motion to compel arbitration").  Defendants therefore waived their right to arbitrate and, having done so, nothing Defendants can do now—in this Court or on appeal—can undo that waiver.  Moreover, even if these seven months of inconsistent acts were insufficient to waive any purported right to arbitrate entirely (and they certainly were), then they were nevertheless more than sufficient to waive any right to demand an immediate appeal of the denial of Defendants' belated motion to compel.

For either of these independent reasons, a *Chuman* certification is appropriate.

Additionally, a *Chuman* certification is warranted to prevent Defendants' gambit to try to delay ***the entirety of*** this case (including claims they concede are not arbitrable).  Since the inception of this case, the parties have agreed (and, on that basis, the Court ordered) that, following discovery, this case would proceed first with Rule 52/56 briefing and a hearing regarding Counts I and II (which everyone agrees are not arbitrable and will go forward irrespective of Defendants' interlocutory appeal), and then, following that hearing, there would then be a trial on Counts III and IV if necessary.  (*See* ECF No. 58-7 at 13:22-14:1 ("I think what

I won't do right now then is set a jury trial date, because perhaps, and again, as we get farther in, when I do the Rule 52 judgment hearing, maybe that's going to help resolve the case to a large extent. And, if not, we can get a jury trial date.").) Consistent with this, when Defendants moved to compel arbitration of Counts III and IV, they asked only that this Court "stay[] this lawsuit *as it pertains to Plaintiff's Third and Fourth Causes of Action*." (ECF No. 56 at 2 (emphasis added); *see also id.* at 8 (asking the Court to "stay further court proceedings related to Counts III and IV"), 9 ("This Motion does not involve Counts I and II."), 16 ("[T]he Court should compel arbitration and stay the lawsuit as it relates to Counts III and IV . . . . [T]he Court should . . . stay this action as it relates to Counts III and IV.").) At no point did Defendants ever suggest that their motion to compel in any way implicated Counts I or II; to the contrary, they expressly disclaimed any connection between their motion and Counts I and II. (*Id.* at 9 ("***This Motion does not involve Counts I and II.***").) Yet Defendants have now told the Ninth Circuit something different. On August 26, 2025, Defendants buried the following statement in their Ninth Circuit mediation questionnaire: "Should the [parties' October 9, 2025] mediation not succeed, ***Defendants reserve their right to seek a stay of the remaining two ERISA claims that are not subject to this appeal (Counts I and II) pending appeal.***" (Ex. 2 at 2 (emphasis added).)

Thus, it appears Defendants' real strategy in bringing this appeal is not merely to seek interlocutory review of this Court's decision with respect to Counts III and IV, but instead to create a vehicle for delaying the ***entire case***, including claims Defendants admit "are not subject to this appeal," for years. Not only is this a reversal from the position Defendants took in this Court (including when they ***agreed*** that a hearing on Counts I and II should proceed ***before*** a trial on Counts III and IV (*see* ECF No. 37)), it is also entirely unjustified where, as here, (1) Defendants delayed for seven months before bringing their motion to compel and, as a consequence of that delay, discovery on all claims has already been underway for more than five months (*see* ECF No. 58 at 3, 19-21), and, even with the recent 60-day extension of the discovery deadlines, is set to close in just a few months more (*see* ECF No. 78); and (2) a hearing on Counts I and II (which everyone agrees are not arbitrable and must go forward in this Court irrespective of Defendants' interlocutory appeal) is set for approximately one year from now, with a trial on

Counts III and IV to follow (*see* ECF No. 40; ECF No. 58-7 at 13:22-14:1). In any event, absent either this Court or the Ninth Circuit recognizing Defendants' interlocutory appeal for what it is—a brazen effort to delay the adjudication of this case, including claims "that are not subject to this appeal" (Ex. 2 at 2)—Defendants may succeed in using an otherwise hopeless appeal to deprive Plaintiff of her day in court for years, purely for strategic advantage (or to gain some perceived leverage in the parties' upcoming mediation). These are precisely the circumstances in which a *Chuman* certification is warranted, as the Supreme Court has recognized. *See Bielski*, 599 U.S. at 745.

### III.    CONCLUSION

Because Defendants' interlocutory appeal is both frivolous and waived, and because permitting Defendants to benefit from their long delay in asserting their purported right to arbitration (and, ultimately, subjecting Plaintiff to years of additional delay with respect to Counts III and IV) would be unjust, Plaintiff respectfully requests the Court certify Defendants' interlocutory appeal as both frivolous and waived pursuant to *Chuman*. To the extent Defendants believe that a stay of Counts III and IV is nonetheless warranted pending their appeal, they will, of course, be free to seek one from the Ninth Circuit. *See Chuman*, 960 F.2d at 105 at n.1.[2]

---

[2] Plaintiff acknowledges that the parties are currently scheduled to mediate this case on October 9, 2025, and that such mediation, if successful, would obviate the need for the Court to consider this Motion. Plaintiff does not intend to create unnecessary work for the Court or for Defendants. Nonetheless, given that Defendants have elected to proceed with an interlocutory appeal notwithstanding the upcoming mediation, and given that the mediation is still six weeks away, Plaintiff did not believe it was appropriate to delay filing this Motion, particularly given Defendants' August 26, 2025 statement to the Ninth Circuit that, "Should the mediation not succeed, Defendants reserve their right to seek a stay of the remaining two ERISA claims that are not subject to this appeal (Counts I and II) pending appeal." (Ex. 2 at 2.)

Dated: August 28, 2025                Respectfully submitted,

                                      WIGGIN AND DANA LLP


                                      By:  _____ */s/ Nathan E. Denning* _____
                                              Nathan E. Denning
                                      Attorneys for Plaintiff
                                         LESLIE BERLAND

NOTICE OF MOTION AND MOTION FOR *CHUMAN* CERTIFICATION