MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley (Bar No. 168181)
eric.meckley@morganlewis.com
Dylan Rudolph (Bar No. 278707)
dylan.rudolph@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel: +1.415.442.1000

Jeremy P. Blumenfeld (admitted *pro hac vice*)
jeremy.blumenfeld@morganlewis.com
Brian W. Sullivan (admitted *pro hac vice*)
brian.sullivan@morganlewis.com
2222 Market Street
Philadelphia, PA 19103-3007
Tel: +1.215.963.5000

MORGAN, LEWIS & BOCKIUS LLP
Christopher J. Boran (admitted *pro hac vice*)
christopher.boran@morganlewis.com
110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511
Tel: +1.312.324.1000

Abbey M. Glenn (Bar No. 267751)
abbey.glenn@morganlewis.com
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
Tel: +1.202.739.3000

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| LESLIE BERLAND,<br><br>    Plaintiff,<br><br>    vs.<br><br>X CORP., et al.,<br><br>    Defendants. | Case No. 3:24-cv-7589-JCS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR *CHUMAN* CERTIFICATION**<br><br>Date:  November 13, 2025<br>Time: 10:00 a.m.<br>Div.:   Courtroom 8, 19th Floor<br>Judge: Hon. Jacqueline Scott Corley |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR *CHUMAN* CERTIFICATION

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTS ........................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 5

    A. The Ninth Circuit Has Not Extended *Chuman* To Arbitration Appeals. ................ 5

    B. Even If It Applied, *Chuman* Certification Is Not Appropriate Here. ...................... 7

        1. Defendants' Appeal is Not Frivolous. ........................................................... 7

        2. Defendants Did Not Forfeit Their Right To Appeal. ................................. 10

    C. Defendants' Appeal Is Not Intended To Delay The Entirety Of This Case .......... 12

IV. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AECOM v. Zurich Am. Ins. Co.*,
  2023 WL 1281675 (9th Cir. Jan. 31, 2023) .................................................................................. 8

*Andrade Rico v. Beard*,
  2019 WL 4127206 (E.D. Cal. Aug. 30, 2019) .............................................................................. 8

*Apostol v. Gallion*,
  870 F.2d 1335 (7th Cir. 1989) .................................................................................................... 11

*Batory v. Sears, Roebuck & Co.*,
  124 F. App'x 530 (9th Cir. 2005) ............................................................................................... 12

*Berland v. X Corp.*,
  No. 25-5313 (9th Cir.), ECF No. 7 ..................................................................................... 2, 4, 6

*Breazeale v. Victim Servs., Inc.*,
  2015 WL 13687730 (N.D. Cal. Sept. 14, 2015) .......................................................................... 8

*Chambers v. Whirlpool Corp.*,
  2016 WL 11750675 (C.D. Cal. Sept. 30, 2016) .......................................................................... 5

*Chuman v. Wright*,
  960 F.2d 104 (9th Cir. 1992) ............................................................................................. *passim*

*Coinbase, Inc. v. Bielski*,
  599 U.S. 736 (2023) ........................................................................................................ 1, 5, 6, 7

*DeFrees v. Kirkland*,
  2012 WL 12885105 (C.D. Cal. Nov. 21, 2012) ........................................................................... 5

*Ehleiter v. Grapetree Shores, Inc.*,
  482 F.3d 207 (3d Cir. 2007) ....................................................................................................... 11

*Guaranteed Rate, Inc. v. Faust*,
  2024 WL 4246086 (S.D. Cal. Sept. 19, 2024) ........................................................................... 10

*Happy Puppy LA, Inc. v. Bank of Am., N.A.*,
  2023 WL 6787778 (C.D. Cal. Sept. 27, 2023) ............................................................................ 8

*Hill v. Xerox Bus. Servs.*,
  LLC, 59 F.4th 457 (9th Cir. 2023) ............................................................................................. 12

*Houghton v. Leshner*,
  2025 WL 798150 (N.D. Cal. Jan. 28, 2025) ................................................................................ 7

*Jenks v. DLA Piper Rudnick Gray Cary U.S. LLP*,
  243 Cal. App. 4th 1 (2015) ........................................................................................................ 10

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

-ii-   DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR *CHUMAN* CERTIFICATION

*Kennedy v. City of Cleveland*,
  797 F.2d 297 (6th Cir. 1986) .................................................................................................. 11

*California ex rel. Lockyer v. Mirant Corp.*,
  266 F. Supp. 2d 1046 (N.D. Cal. 2003) ..................................................................................... 5

*Lu v. AT & T Servs., Inc.*,
  2011 WL 2470268 (N.D. Cal. June 21, 2011) .......................................................................... 8

*Ma v. Golden State Renaissance Ventures, LLC*,
  2021 WL 2190912 (N.D. Cal. May 31, 2021) ........................................................................ 10

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) .................................................................................................................. 6

*Neitzke v. Williams*,
  490 U.S. 319 (1989) .................................................................................................................. 7

*Pike v. Hester*,
  2013 WL 3491222 (D. Nev. July 9, 2013) ................................................................................ 5

*Rafique v. Premier Fin. All., Inc.*,
  2025 WL 1073767 (N.D. Cal. Mar. 12, 2025) .................................................................... 7, 12

*Roma Mikha, Inc. v. S. Glazer's Wine & Spirits, LLC*,
  2023 WL 3150076 (C.D. Cal. Mar. 30, 2023) ........................................................................... 9

*Stewart v. Donges*,
  915 F.2d 572 (10th Cir. 1990) ................................................................................................. 11

*Suski v. Coinbase, Inc.*,
  55 F.4th 1227 (9th Cir. 2022), *aff'd*, 602 U.S. 143 (2024) ............................................. *passim*

*Suski v. Marden-Kane, Inc.*,
  2022 WL 103541 (N.D. Cal. Jan. 11, 2022) .............................................................................. 9

*United States v. LaMere*,
  951 F.2d 1106 (9th Cir. 1991) ................................................................................................... 5

*J.P. ex rel. Villanueva v. Cnty. of Alameda*,
  2018 WL 3845890 (N.D. Cal. Aug. 13, 2018) .......................................................................... 8

**Statutes**

9 U.S.C. § 16(a)(1) ........................................................................................................................... 6

29 U.S.C. § 1001, *et seq.* ...................................................................................................... 2, 3, 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

Plaintiff's Motion is misplaced and meritless. Under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 747 (2023), the Court is "required to stay its proceedings" of Counts III and IV pending Defendants' appeal of the order denying arbitration of those claims. Plaintiff, however, asks the Court to retain parallel jurisdiction over Counts III and IV and terminate the automatic stay because in her estimation Defendants' appeal is "frivolous or forfeited." Defendants' appeal is neither and Plaintiff's Motion fails for several reasons.

First, the case Plaintiff cites for this argument, *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992), does not support her request. The Ninth Circuit has not extended so-called *Chuman* certification to an appeal of an order denying a motion to compel arbitration, like the appeal at issue here. In *Chuman*, the Ninth Circuit addressed only the narrow context of interlocutory appeals involving qualified immunity claims. Plaintiff cites no cases where a court has issued a *Chuman* certification regarding an appeal of an order denying a motion to compel arbitration, and Defendants have found none. This is reason enough to deny Plaintiff's Motion, particularly given that Plaintiff has separately asked the Ninth Circuit for summary affirmance based on similar arguments that Defendants' appeal is supposedly frivolous.

Second, even if *Chuman* were generally applicable to arbitration appeals, certification is not warranted because Defendants' appeal is far from frivolous. Plaintiff argues otherwise based on *Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022), *aff'd*, 602 U.S. 143 (2024). Although this Court relied on *Suski* to deny Defendants' motion to compel arbitration, Defendants continue to maintain that *Suski* does not support that result, but rather supports requiring arbitration of Plaintiff's state law claims. In *Suski*, the Ninth Circuit applied standard principles of contract interpretation to determine that a particular later-in-time forum-selection clause was inconsistent with, and therefore superseded, a prior arbitration agreement. However, the particular language and history of the agreements at issue here are materially different than those in *Suski*, and it is precisely those differences that compel a different outcome in this case, as discussed in Defendants' motion to compel briefing (Dkt. 56, 59, 69) and in the sections below. While this Court disagreed with that argument, it is far from frivolous and provides no basis for *Chuman* certification.

1  Third, Plaintiff also misses the mark in arguing that Defendants forfeited their *right to appeal* this Court's arbitration decision because Defendants supposedly waived their right to arbitrate Counts III and IV before the Court ever issued that decision. Plaintiff thus improperly conflates an alleged waiver of the right to *arbitrate* with a non-existent forfeiture of the right to *appeal* the denial of a motion to compel arbitration. Setting aside that this Court made no findings whatsoever regarding Plaintiff's waiver arguments when Plaintiff made them in response to Defendants' motion to compel, Plaintiff provides no basis for claiming that Defendants forfeited their separate right to timely appeal this Court's arbitration decision.

Finally, Plaintiff argues that an anodyne reservation of rights in Defendants' Ninth Circuit mediation questionnaire (*see Berland v. X Corp.*, No. 25-5313 (9th Cir.),ECF No. 7) somehow proves that Defendants' appeal is a "gambit to try to delay *the entirety of* this case (including claims they concede are not arbitrable)." Motion at 8. This argument, flawed as it is, is moot because Defendants have separately informed Plaintiff that they do not intend to seek to stay the litigation of Plaintiff's non-arbitrable ERISA claims in Counts I and II. Rudolph Dec., Ex. A (Email).

## II.  RELEVANT FACTS

On January 21, 2016, Twitter hired Plaintiff as its Chief Marketing Officer. Dkt. 56-2 at 896.1. Plaintiff's formal offer letter made specific reference to the 2013 Equity Plan applicable to Plaintiff and at issue in Counts III and IV, along with various other aspects of her employment and compensation, while expressly stating that, "[i]f a dispute should arise [between Plaintiff and Twitter], it can be resolved through the Company's Dispute Resolution Agreement." *Id*. Plaintiff signed the Dispute Resolution Agreement on February 1, 2016. Dkt. 56-3.

The Dispute Resolution Agreement sets forth the parties' agreement to arbitrate all claims related to Plaintiff's employment, including her compensation. *Id*. It states as follows:

> This Agreement applies to any dispute arising out of or related to Employee's employment with Twitter, Inc. or one of its affiliates, successor, subsidiaries or parent companies ("Company") or termination of employment and survives after the employment relationship terminates. . . . Except as it otherwise provides, this Agreement is intended to apply to the resolution of disputes that otherwise would be resolved in a court of law or a forum other than arbitration. This Agreement requires all such disputes to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -  DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR *CHUMAN* CERTIFICATION

*Id.* The Dispute Resolution Agreement also states that it applies to "disputes involving . . . the employment relationship [and] . . . compensation." *Id.*

Plaintiff filed this lawsuit alleging four causes of action. Counts I and II are based on allegations that Defendants violated ERISA. Dkt. 1 ("Compl."). Defendants did not move to compel arbitration of these counts, which are not subject to the pending appeal, because ERISA claims are specifically carved out of the Dispute Resolution Agreement's otherwise broad ambit. Dkt. 56-3 at 2 of 5.

Counts III and IV, however, are subject to the Dispute Resolution Agreement. These counts are for breach of contract and the implied covenant of good faith and fair dealing, respectively. Compl. ¶¶ 212-220. Both are based on Plaintiff's assertion that she is owed additional compensation based on awards granted to her under the 2013 Equity Plan. Plaintiff alleges that "[o]ver the course of [her] employment, Twitter routinely granted her an annual equity award as part of her compensation package," and that she "was entitled to [this] equity" but "upon her November 1, 2022 termination, Defendants failed and refused to pay [Plaintiff] the full cash value of her vested interests." *Id.* ¶ 46. Plaintiff further alleges that "Defendants breached their agreements with [Plaintiff] when they failed to pay [her] the cash equivalent of [the equity awards] when those rights vested on November 1, 2022," and "[b]y depriving [Plaintiff] of the benefits of the agreement which she earned . . . Defendants breached the covenant of good faith and fair dealing." *Id.* ¶¶ 214, 219.

Defendants moved to compel arbitration as to Counts III and IV. In doing so, Defendants relied on the plain language of the Dispute Resolution Agreement, including that it governs "disputes involving . . . the employment relationship [and] . . . compensation," and that "all such disputes [are] to be resolved only by an arbitrator through final and binding arbitration and not by way of court or jury trial." Dkt. 56-3 ¶ 1.

In response, Plaintiff argued that the Dispute Resolution Agreement is inapplicable to claims arising from the 2013 Equity Incentive Plan and individual awards granted under that Plan. Specifically, Plaintiff pointed to the "venue provision" in the 2013 Equity Plan, which was also contained in the separate "Award Agreements" granted to Plaintiff under the Plan in 2018-2022.

1   The venue provision in each contained the following language:

> For purposes of *litigating* any dispute that arises under this Award of Restricted Stock Units or this Award Agreement, the parties hereby submit to and consent to the jurisdiction of the State of California, and agree that such *litigation* will be conducted in the courts of the County of San Francisco, California, or the federal courts for the United States for the Northern District of California, and no other courts, where this Award of Restricted Stock Units is made and/or to be performed.

Dkt. 58-2 at 13 (emphasis added).

Even though the venue provision in the 2013 Equity Plan (1) preceded the parties' Dispute Resolution Agreement by several years, and (2) does not provide that litigation as opposed to arbitration is the only manner in which disputes under the 2013 Equity Plan (or related Award Agreements) may be resolved, the Court determined that the venue provision superseded the Dispute Resolution Agreement. Dkt. 69. Specifically, the Court reasoned that the venue provision found in the Award Agreements (which was identical to the one that originated in the 2013 Equity Plan pursuant to which the Award Agreements were issued) was a later-in-time agreement that was inconsistent with and thus superseded the Dispute Resolution Agreement. Dkt. 69 at 6. In doing so, the Court relied on *Suski*, in which the Ninth Circuit applied California law to hold that a different later-in-time agreement trumped a prior arbitration agreement. *Id.* (citing 55 F.4th at 1230). The Court disagreed with Defendants' arguments that *Suski* involved materially different agreements and circumstances, and that the same principles of contract interpretation the Ninth Circuit discussed in *Suski* militate in favor of arbitration here. Dkt. 69 at 6-8; Dkt. 59 at 4-5.

Defendants timely filed a notice of appeal from the Court's order denying their motion to compel arbitration on August 20, 2025. Dkt. 75. Less than two weeks after the Ninth Circuit docketed the appeal, Plaintiff filed a motion for summary affirmance and to expedite the appeal. *See Berland v. X Corp.*, No. 25-5313 (9th Cir.), ECF No. 13. That motion makes similar arguments to those made in her Motion filed in this Court—including by claiming (improperly) that Defendants' appeal is frivolous—and thus effectively asks both courts to answer that same question at the same time. Plaintiff's motion in the Ninth Circuit seeks complete relief (summary affirmance), whereas Plaintiff's Motion here asks this Court to "certify" that Defendants' appeal is frivolous or forfeited and, on that basis, lift the automatic stay pending appeal.

For the reasons that follow, Plaintiff's Motion should be denied.

### III.     ARGUMENT

#### A.     The Ninth Circuit Has Not Extended *Chuman* To Arbitration Appeals.

The Ninth Circuit has not extended *Chuman* certification to appeals of arbitration orders, like the one at issue here. Rather than announce a rule governing all interlocutory appeals, *Chuman* merely "adopt[ed]" a process to certify that an appeal is frivolous "in the context of interlocutory qualified immunity appeals." 960 F.2d at 105. In doing so, the Ninth Circuit extended *United States v. LaMere*, 951 F.2d 1106, 1109 (9th Cir. 1991), which involved an "appeal from the denial of [a] double jeopardy motion," to qualified immunity appeals. The Ninth Circuit did not, however, hold that *LaMere*'s rule applied to all interlocutory appeals. *See Chuman*, 960 F.2d at 105 ("This court now adopts the rule set forth in *LaMere* in the context of interlocutory qualified immunity appeals."). While Plaintiff acknowledges that *Chuman* involved a qualified immunity claim (*see* Motion at 3), she provides no basis for why *Chuman* should be extended beyond that context. *See DeFrees v. Kirkland*, 2012 WL 12885105, at *3 (C.D. Cal. Nov. 21, 2012) (refusing to apply *Chuman* outside the qualified immunity context).

Nor does Plaintiff cite any case certifying an appeal from an order denying arbitration as frivolous under *Chuman* or any other authority, so as to retain parallel jurisdiction pending appeal. More to the point, Plaintiff cites no case granting a request for *Chuman* certification for an appeal of an order denying arbitration. *See* Motion at 3-4, citing *Shay v. Cnty. of Los Angeles*, 2019 WL 5173769, at *2 (C.D. Cal. Oct. 10, 2019) (involving "notice to appeal the qualified immunity ruling"); *Chambers v. Whirlpool Corp.*, 2016 WL 11750675, at *1 (C.D. Cal. Sept. 30, 2016) (involving objections to a settlement); *Pike v. Hester*, 2013 WL 3491222, at *3 (D. Nev. July 9, 2013) (involving "an interlocutory appeal on the denial of qualified immunity"); *California ex rel. Lockyer v. Mirant Corp.*, 266 F. Supp. 2d 1046, 1052 (N.D. Cal. 2003) (involving an appeal of a denial to remand). And Defendants are unable to find any such case in this Circuit.

The lack of authority applying *Chuman* in the arbitration context is unsurprising, because extending *Chuman* to this context would conflict with Congressional intent. As discussed in *Coinbase*, Congress intended to provide an effective right to appeal an order denying a motion to

compel arbitration. 599 U.S. at 740. This right, unlike the judge-made doctrine permitting immediate appeals in the qualified immunity context, *see Mitchell v. Forsyth*, 472 U.S. 511, 528 (1985) (holding district court order denying qualified immunity is immediately appealable under collateral order doctrine), was created and explicitly codified by Congress in the FAA, *see* 9 U.S.C. § 16(a)(1). Based on a clear application of settled law, such an appeal "divests the district court of its control" over the claims that may be subject to arbitration. *Coinbase,* 599 U.S. at 740 (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). In other contexts, Congress will say if it does not want the claims automatically stayed and divested of jurisdiction pending an interlocutory appeal—but it expressly chose *not* to do so in the FAA. *See id.* at 743-44. So, district courts "must" stay the claims pending appeal, *id.* at 740, and it is far from clear that *Chuman* should be extended to the arbitration context.

To be sure, in *Coinbase*, the Supreme Court acknowledged that "**courts of appeals** possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals." *Id.* at 745 (emphasis added). The Supreme Court noted that parties may request that courts of appeals "summarily affirm" or "expedite" the appeal. *Id.* In fact, Plaintiff has already moved the Ninth Circuit for both forms of relief. *See Berland v. X Corp.*, No. 25-5313 (9th Cir.), ECF No. 13. Given that Plaintiff has separately moved for the very relief *Coinbase* anticipated may be available from the "courts of appeals," and as noted above, the Ninth Circuit is able to provide fuller relief (summary affirmance) than this Court, it is appropriate for this Court to defer to the Ninth Circuit's resolution of that already pending motion.[1] Plaintiff unnecessarily (and improperly) seeks two bites at the same apple.

While some district courts have been asked to certify arbitration appeals as "frivolous" under *Chuman*—and have even assumed that *Chuman* could apply to such appeals despite no Ninth Circuit guidance on point—these same courts have easily refused to do so because the bar for a frivolous appeal from the denial of an arbitration motion is so high. For example, Plaintiff cites

---

[1] While *Coinbase* also noted that many circuits have "developed a process by which a district court itself may certify that an interlocutory appeal is frivolous," the Court was clear that the relevant appellate court must "authorize the district court[]" to make such a decision. *Coinbase*, 599 U.S. at 745. Again, the Ninth Circuit has not done so for arbitration appeals.

*Houghton v. Leshner,* 2025 WL 798150, at *1 (N.D. Cal. Jan. 28, 2025), which explained that the Supreme Court in *Coinbase* "ruled that a party seeking to arbitrate could freeze litigation in district court after losing a motion to compel" and the court was "of course bound by that decision." *Id.* While the court stated in dictum that it had "the authority, as plaintiffs request, to certify to the Ninth Circuit that defendants' appeal is frivolous under *Chuman*[,]" it cited no on point Ninth Circuit case and ultimately refused to grant certification under *Chuman*. *Id.* Similarly, in *Rafique v. Premier Fin. All., Inc.*, 2025 WL 1073767, at *1 (N.D. Cal. Mar. 12, 2025), the court assumed, again in dictum and without citation, that *Chuman* could apply to a truly frivolous arbitration appeal. However, the court held that while the defendant had waived its right to arbitration, the appeal of that determination was not frivolous within the meaning of *Chuman*. It further noted that the plaintiffs were free to "ask the court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the interlocutory appeal as frivolous." *Id.* at *2 (citing *Coinbase*, 599 U.S. at 745) (quotations omitted). Suffice it to say, these decisions do not help Plaintiff's cause here.

In sum, Defendants are not aware of any Ninth Circuit decision extending *Chuman* to interlocutory appeals of orders denying the right to arbitrate and, as noted, Plaintiff cites none. Meanwhile, *Coinbase* makes clear that discretion rests with the Court of Appeals to decide whether an appeal is so frivolous that a normal appeal should not proceed. Otherwise, the claims potentially subject to arbitration should remain stayed. Given these circumstances, there is no reason for this Court to entertain application of *Chuman* in this case.

**B.    Even If It Applied, *Chuman* Certification Is Not Appropriate Here.**

**1.    Defendants' Appeal is Not Frivolous.**

In any event, Plaintiff has not come close to showing that Defendants' appeal is frivolous. Plaintiff argues otherwise based on this Court's interpretation of the agreements at issue in Defendants' motion to compel arbitration. Plaintiff contends "the outcome here will inevitably be the same as it was in *Suski*." Dkt. 81 at 7. Plaintiff is wrong. An appeal can be certified as frivolous only where "[none] of the legal points [are even] *arguable* on their merits." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (emphasis added). This is a "demanding standard," and courts routinely decline to certify an appeal as frivolous even when they strongly disagree with the appealing party.

*J.P. ex rel. Villanueva v. Cnty. of Alameda*, 2018 WL 3845890, at *2 (N.D. Cal. Aug. 13, 2018); *see, e.g.*, *Andrade Rico v. Beard*, 2019 WL 4127206, at *2 n.1 (E.D. Cal. Aug. 30, 2019); *Breazeale v. Victim Servs., Inc.*, 2015 WL 13687730, at *3 (N.D. Cal. Sept. 14, 2015).

Defendants' arguments as to the enforceability of the Dispute Resolution Agreement are not frivolous, and Defendants have, at the very least, an "arguable" basis in law for their position. While Defendants acknowledge that this Court found that the Award Agreements supersede the Dispute Resolution Agreement and likened the circumstances here to the facts in *Suski*, Defendants respectfully disagree with this determination. That disagreement is not frivolous, and Defendants have properly sought Ninth Circuit review of this Court's decision.

As discussed, *Suski* applied settled principles of contract interpretation to specific contracts with language and circumstances that are not present here. *See Happy Puppy LA, Inc. v. Bank of Am., N.A.*, 2023 WL 6787778, at *2 (C.D. Cal. Sept. 27, 2023). Under those principles, "when parties enter into a second contract dealing with the same subject matter as their first contract," (1) "the two contracts *must be interpreted together*" and (2) "the latter contract prevails *to the extent they are inconsistent*." *Suski*, 55 F.4th at 1230–31 (emphasis added). Here, Defendants have made reasonable arguments that the agreements and drafting history at issue differ materially from those in *Suski*. In light of those differences, the interpretive principles above favor *harmonizing* the Dispute Resolution Agreement with the venue provision in the 2013 Equity Plan and Award Agreements, as Defendants' interpretation does. *See also AECOM v. Zurich Am. Ins. Co.*, 2023 WL 1281675, at *2 (9th Cir. Jan. 31, 2023) ("It is a cardinal rule of construction that a contract is to be construed as a whole, effecting harmony among and giving meaning to all the parts thereof") (citing *People ex rel. Dep't of Parks & Recreation v. West-A-Rama, Inc.*, 111 Cal. Rptr. 197, 201 (Ct. App. 1973)); *Lu v. AT & T Servs., Inc.*, 2011 WL 2470268, at *2 (N.D. Cal. June 21, 2011) (same); Am. L. Prod. Liab. 3d § 58:12 ("Construction of the contract should attempt to harmonize all provisions, rather than to produce conflict in them, and no provision should be ignored as inconsistent if there exists a reasonable interpretation that gives effect to both"). Respectfully, Defendants contend that this conclusion requires reversal of the Court's order denying Defendants' motion to compel arbitration—but at the very least, it demonstrates that Defendants' pending appeal is far from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -    DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR *CHUMAN* CERTIFICATION

frivolous. *See* Dkt. 59 at 2-5.

Take first the fact that the venue-selection provision on which Plaintiff and the Court has relied flows from the 2013 Equity Plan, which predated the parties' Dispute Resolution Agreement by three years. While that same language was copied into subsequent Award Agreements issued in accordance with the 2013 Equity Plan, unlike *Suski*, this is not a clear case of a subsequent-in-time agreement that plainly supersedes the prior arbitration agreement.

Even more importantly, the venue provision itself does not mandate litigation, as opposed to arbitration; it simply provides that any dispute arising under the 2013 Equity Plan and related Award Agreements that is litigated, must be litigated in one of the specified California courts. This is fundamentally different than the language in the subsequent agreement in *Suski*, which made clear that "THE CALIFORNIA COURTS (STATE AND FEDERAL) SHALL HAVE *SOLE JURISDICTION* OF ANY *CONTROVERSIES* REGARDING THE PROMOTION." *Suski v. Marden-Kane, Inc.*, 2022 WL 103541, at *3 (N.D. Cal. Jan. 11, 2022) (emphasis added). This language could not be harmonized with the parties' arbitration agreement, as California contract interpretation principles require where possible. To the contrary, under those principles, the language required the district court to conclude that the arbitration agreement had been superseded entirely.

Not so here. Unlike in *Suski*, the litigation-venue provision contained in the 2013 Equity Plan and Award Agreements is easily harmonized with the Dispute Resolution Agreement: while disputes under the 2013 Equity Plan and Award Agreements are arbitrable, any such dispute that is instead litigated (or any portion of the arbitrable dispute that is litigated, for example a collateral dispute not subject to arbitration or confirmation or vacatur of the arbitration award) must be litigated in one of the specified California courts. Indeed, multiple district courts have similarly harmonized arbitration provisions with litigation-venue provisions to ultimately compel arbitration, including after *Suski*. *See, e.g.*, *Roma Mikha, Inc. v. S. Glazer's Wine & Spirits, LLC*, 2023 WL 3150076, at *1–2, *6 (C.D. Cal. Mar. 30, 2023) (venue selection provision requiring that "[a]ny legal suit, action, or proceeding . . . shall be instituted exclusively in [certain] courts" did not conflict with a provision requiring that "[a]ny claim, dispute or controversy . . . will be resolved

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -   DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR *CHUMAN* CERTIFICATION

exclusively and finally by binding arbitration," because the former applied only "if the parties litigate" and did "not [mean] that litigation is required"); *Ma v. Golden State Renaissance Ventures, LLC*, 2021 WL 2190912, at *7 (N.D. Cal. May 31, 2021) (holding that subsequent venue provision did not override prior arbitration agreement because the "clause [did] not state or imply that the clear arbitration provision of the [separate] Agreement [was] void[,]" nor did it "state or imply that the parties must litigate *instead* of arbitrate") (emphasis in original). Plaintiff's argument that Defendants' position is frivolous is particularly far-fetched in light of this on-point and countervailing authority.[2]

While Plaintiff is free to argue otherwise in the Ninth Circuit, Defendants have a substantial argument that the Dispute Resolution Agreement can be harmonized with and survive alongside the 2013 Equity Plan and related Award Agreements and should, therefore, be enforced. This argument is not frivolous, and Plaintiff's Motion should be denied.

### 2.     Defendants Did Not Forfeit Their Right To Appeal.

Plaintiff next argues that Defendants waived their right to arbitrate and, thus, necessarily forfeited any right to *appeal* the Court's denial of their motion to compel arbitration. Dkt. No. 81 at 8. This argument is a non-starter. As an initial matter, the Court did not make any finding on the merits of Plaintiff's waiver arguments in deciding Defendants' motion to compel arbitration. Dkt. 69. But even if this Court *had* found that Defendants waived their right to arbitrate (and they did not), it would not mean that Defendants waived their right to *appeal* the Court's arbitration decisions. In short, Plaintiff illogically conflates an alleged waiver of the right to arbitrate with a

---

[2] Moreover, because the venue selection provision in the 2013 Equity Plan and related Award Agreements does not conflict with the agreement to arbitrate in the Dispute Resolution Agreement, the integration clauses in the Award Agreements do not come into play because they are "silent on dispute resolution." *Guaranteed Rate, Inc. v. Faust*, 2024 WL 4246086, at *4 (S.D. Cal. Sept. 19, 2024) (holding an "integration clause does not exclude the past arbitration agreements"); *see also Jenks v. DLA Piper Rudnick Gray Cary U.S. LLP*, 243 Cal. App. 4th 1, 15 (2015) (holding that a subsequent contract's integration clause did not abrogate prior arbitration agreement). Indeed, to rely on the integration clause to contend that the 2013 Equity Plan and Award Agreements supersede the Dispute Resolution Agreement merely begs the question as to the scope and meaning of the forum selection language in the 2013 Equity Plan and Award Agreements. If, as Defendants contend, that language only addresses where *litigation* must occur, not where *all disputes* must be brought, then the 2013 Equity Plan and Award Agreements, and by extension any integration clause therein, do not impact the Dispute Resolution Agreement.

1  non-existent forfeiture of a statutory right to appeal.

2  In *Chuman*, the Ninth Circuit adopted the "*Apostol* rule," which provides that "a frivolous or forfeited appeal" from a denial of qualified immunity "does not automatically divest the district court of jurisdiction." 960 F.2d at 105 (citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). The question under *Chuman*, then, is whether the *right to appeal*, not the underlying qualified immunity argument, is waived—after all, it is forfeiture of the appeal right that would prevent divestiture of the district court's jurisdiction.[3] Further, in its discussion related to the question of forfeiture, *Apostol* relied on a Sixth Circuit case, which states "if the order is appealable at all, it must be appealed within the time set by law, here thirty days, or *the right* must be considered to have been waived." *Kennedy v. City of Cleveland*, 797 F.2d 297, 301 (6th Cir. 1986) (emphasis added). Other Circuits have similarly understood forfeiture to concern the *right to appeal* the district court's judgment, as opposed to the underlying right to arbitrate. *See, e.g.*, *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 214-15 (3d Cir. 2007) ("Even where, as here, the … appealing party waived its right to arbitrate by substantially litigating the dispute in court, we believe the FAA's strong policy favoring arbitration will still be best served, at least in cases where the appeal is not frivolous or forfeited, by allowing the party to obtain a definitive ruling on the denial of its [] motion by way of interlocutory appeal to this Court[.]").

Plaintiff does not explain why a purported waiver of the right to arbitrate would create an exception to the ordinary divestiture rule following an appeal of a district court's order denying a motion to compel arbitration. *Chuman* certification is grounded in the principle that a frivolous or forfeited *appeal* can be deemed ineffectual and thus fails to "divest the district court of jurisdiction." *Chuman,* 960 F.2d at 105. But an appeal is not rendered ineffectual just because a plaintiff believes that a defendant waived the right to *arbitrate*—an issue that may very well be the subject of a timely (non-forfeited) appeal following the denial of a motion to compel arbitration. Indeed, appeals often involve this very question: whether the district court correctly determined that a party waived its

---

[3] *Apostol* addressed forfeiture of the appellate right by "play[ing] games with the district court's schedule"—by, for example, waiting to appeal after the 30-day deadline for taking an appeal. *Apostol*, 870 F.2d at 1339; *see also Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990) (describing *Apostol* as applying "where the defendant has forfeited the right to interlocutory appeal by not filing timely notice."). Indisputably, no such thing happened here.

1  right to arbitrate. *See, e.g.*, *Hill v. Xerox Bus. Servs.*, LLC, 59 F.4th 457, 460 (9th Cir. 2023) ("We are called on to decide whether the district court correctly determined that the actions of Appellant … constituted a waiver of its right to compel arbitration"); *Batory v. Sears, Roebuck & Co.*, 124 F. App'x 530, 534 (9th Cir. 2005) (considering whether cross-appellee had "waived his right to compel arbitration under the FAA"). Naturally, then, an argument from one party that the other party waived the right to arbitrate does not make an appeal frivolous or forfeited—even where the district court found waiver of the right to arbitrate. *See Rafique*, 2025 WL 1073767, at *2 (reasoning that while the court previously found "that Defendants waived their right to arbitration," this did not mean their "appeal [was] 'wholly without merit' or that 'the results are obvious'" within the meaning of *Chuman*). And again, this Court did not even address Plaintiff's waiver argument in denying Defendants' motion to compel, which only further underscores the illogical nature of Plaintiff's suggestion that Defendants somehow forfeited their right to appeal this Court's decision even before that decision was rendered.

### C. Defendants' Appeal Is Not Intended To Delay The Entirety Of This Case.

Finally, Plaintiff's cynical argument that a simple reservation of rights in Defendants' Ninth Circuit mediation questionnaire proves some improper intent to delay should be ignored. Not only is the argument groundless, but it is moot. Defendants specifically informed Plaintiff after their appeal was docketed that they do not intend to seek a stay of litigation with respect to the ERISA claims in Counts I-II pending their arbitration appeal. Rudolph Dec., Ex. A. Regardless, even if Defendants were moving to stay this case entirely, it would be up to this Court's discretion whether to grant the request. The mere theoretical possibility that Defendants could make such a request—despite confirming no intention to do so—provides no basis for concluding that Defendants' appeal is frivolous or forfeited within the meaning of *Chuman*.

### IV. CONCLUSION

Plaintiff's Motion for *Chuman* Certification should be denied.

Dated: October 23, 2025          MORGAN, LEWIS & BOCKIUS LLP

                                 By  /s/ Dylan D. Rudolph
                                     Dylan Rudolph
                                     *Attorneys for Defendants*