1   Nathan E. Denning (admitted *pro hac vice*)
    Michael L. Kenny Jr. (admitted *pro hac vice*)
2   Daniel J. LaRose (admitted *pro hac vice*)
    Gabriella E. Bensur (admitted *pro hac vice*)
3   WIGGIN AND DANA LLP
4   437 Madison Avenue, 35th Floor
    New York, New York 10022
5   Telephone: (212) 551-2600
    ndenning@wiggin.com
6   mkenny@wiggin.com
    dlarose@wiggin.com
7   gbensur@wiggin.com
8
9   Teresa S. Renaker, Cal. Bar No. 187800
    Kirsten G. Scott, Cal Bar. No. 253464
10  RENAKER SCOTT LLP
    505 Montgomery St., Suite 1125
11  San Francisco, CA 94111
    Telephone: (415) 653-1733
12  teresa@renakerscott.com
13  kirsten@renakerscott.com

14  *Attorneys for Plaintiff Leslie Berland*

15

16                      **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

                     **SAN FRANCISCO/OAKLAND DIVISION**
18

19  LESLIE BERLAND,                          Case No. 24-cv-07589

20  Plaintiff,                               **REPLY IN FURTHER SUPPORT OF**
                                             **MOTION FOR *CHUMAN***
21  vs.                                      **CERTIFICATION**

22  X CORP., f/k/a TWITTER, INC., X          Date:  November 13, 2025
    HOLDINGS, ELON MUSK, LINDSAY             Time:  10:00 a.m.
23  CHAPMAN, DHRUV BATURA, BRIAN             Courtroom 8, 19th Floor
    BJELDE, and TWITTER, INC. CHANGE OF      Judge:  Hon. Jacqueline Scott Corley
24  CONTROL AND INVOLUNTARY
25  TERMINATION PROTECTION POLICY,           Complaint Filed: November 1, 2024
                                             Trial: None Set
26
27  Defendants.

28

                                                      Case No. 24-cv-07589-JSC

1    In her Motion (ECF No. 81), Plaintiff showed that a *Chuman* certification is appropriate

2 for two independent reasons.  For one thing, the outcome of Defendants' appeal is obvious

3 because Defendants' legal arguments—all of which this Court considered and easily rejected—

4 are foreclosed by *Suski v. Coinbase*, *Inc*., 55 F.4th 1227, 1230 (9th Cir. 2022) ("*Suski*").  For

5 another, even if Defendants' arguments had any arguable merit (they do not), Defendants

6 nevertheless forfeited any right to automatically stay Counts III and IV by taking an interlocutory

7 appeal when they failed to timely raise and expressly disclaimed any purported right to arbitrate

8 for the first seven months of this case.

9    Defendants make three primary arguments in opposition, none of which is persuasive.

10 *First*, Defendants argue that the Ninth Circuit has not extended *Chuman* to arbitration appeals.

11 But this argument ignores that, until the Supreme Court's very recent decision in *Coinbase, Inc.*

12 *v. Bielski*, 599 U.S. 736, 745 (2023) ("*Bielski*"), there would have been no reason to seek a

13 *Chuman* certification in an arbitration appeal, as a stay pending appeal was not automatic like it

14 is now.  And it disregards both the Supreme Court's clear instructions in *Bielski*, as well as cases

15 both within and outside this Circuit that have recognized a district court's authority to certify an

16 arbitration appeal as frivolous or forfeit under *Chuman* and analogous procedures in other

17 Circuits.  *Second*, Defendants argue that their appeal is not frivolous because it has arguable merit.

18 But this is, as the Court previously found, "just wrong."  (ECF No. 81-1 at 15:8.)  A recent Ninth

19 Circuit case controls this situation "exactly."  (*Id*. at 8:13-16.)  The outcome of this appeal is

20 therefore obvious.  And that makes it frivolous within the meaning of *Chuman*.  *See In re George*,

21 322 F.3d 586, 591 (9th Cir. 2003) (an appeal is frivolous "if the results are obvious").[1]  *Third*,

22 Defendants argue that, even if they did waive any right to arbitrate, they did not forfeit the right

23

---

24 [1] As Plaintiff pointed out in her Motion, Defendants' gambit in taking an appeal appears to have
been not only to obtain a stay of Counts III and IV, but also to try to stay the admittedly *non-*
25 *arbitrable* Counts I and II.  (*See* Mot. at 6-8.)  Defendants now say their threat to seek a stay of
Counts I and II is "moot" because they have committed not to seek a stay of those counts.  (Opp.
26 at 2.)  That's true enough.  But it was not until after Plaintiff filed this Motion, highlighting the
27 inconsistencies between what Defendants told this Court, on the one hand, and what they told the
Ninth Circuit, on the other, that Defendants decided it would be better to "moot" the issue.
28

REPLY IN FURTHER SUPPORT OF MOTION FOR *CHUMAN* CERTIFICATION

1   to appeal the Court's order denying their motion to compel arbitration.  Plaintiff does not dispute

2   Defendants' right to appeal this Court's decision.  But Defendants' conduct during the first seven

3   months of this case—repeatedly and expressly disclaiming any right to arbitrate, only to reverse

4   course following an unfavorable ruling on their motion to dismiss—forfeited any right to

5   automatically stay Counts III and IV by taking an interlocutory appeal.

6           Ultimately, Defendants offer no good reason why the Court should not retain jurisdiction

7   over Counts III and IV pending Defendants' hopeless appeal, and the Court should therefore

8   certify that appeal as both frivolous and waived pursuant to *Chuman*.

9       **I.**     ***Chuman* Applies to Appeals from Orders Denying Motions to Compel**

10                 **Arbitration.**

11          Contrary to Defendants' assertion, *Chuman* certifications are not narrowly limited to

12   qualified immunity appeals.  Although *Chuman* itself was a qualified immunity appeal, courts in

13   this Circuit have for decades applied *Chuman* to certify other types of appeals as frivolous or

14   waived.  *See, e.g.*, *Chambers v. Whirlpool Corporation*, No. SA-cv-111733 (FMO) (JPRX) 2016

15   WL 11750675, at \*1-2 (C.D. Cal. 2016) (appeal of order denying party's objection to proposed

16   settlement was frivolous); *California ex rel. Lockyer v. Miran Corp.*, 266 F. Supp. 2d 1046, 1052

17   (N.D. Cal. 2003) (appeal of order denying remand of federal and state antitrust claims was

18   frivolous).  The Supreme Court in *Bielski* itself recognized that certification procedures like

19   *Chuman* were both available and appropriate outside the context of qualified immunity appeals.

20   Indeed, *Bielski*, just like this case, involved an arbitration appeal.  And it was in this context of

21   arbitration appeals that the Supreme Court expressly endorsed applying existing "process[es] by

22   which a district court itself may certify an interlocutory appeal [a]s frivolous."  599 U.S. at 745.

23          In the short period since *Bielski* was decided, courts in this District have already found

24   that they have the authority to certify arbitration appeals just like Defendants'.  *See Houghton v.*

25   *Leshner*, No. 22-CV-07781-WHO, 2025 WL 798150, at \*1 (N.D. Cal. Jan. 28, 2025) ("I have the

26   authority, as plaintiffs request, to certify to the Ninth Circuit that defendants' appeal [of the denial

27   of their motion to compel arbitration] is frivolous under *Chuman*."); *Shanahan v. IXL Learning,*

*Inc*., 767 F. Supp. 3d 954, 955 (N.D. Cal. 2025) (acknowledging discretion to certify arbitration appeal as frivolous).[2]  And courts in other Circuits have held the same under their analogues to *Chuman*.  *See, e.g.*, *Columbia Gas Transmission, LLC v. RDFS, LLC*, No. 5:23-CV-364, 2024 WL 973114, at *3 (N.D.W. Va. Feb. 27, 2024) ("[T]his Court certifies that the appeal of the arbitration decision is, in fact, frivolous and taken in bad faith."); *Hill v. Ricoh Americas Corp*., No. CIV.A. 08-2548-KHV, 2009 WL 2407805, at *1 (D. Kan. July 31, 2009) ("Federal district courts have the authority to certify that an appeal from a denial of a motion to compel arbitration is frivolous.").  Defendants' argument that *Chuman* certifications do not apply to arbitration appeals thus improperly ignores both the Supreme Court's explicit directive and statements by courts in this District recognizing that they possess the authority to certify an arbitration appeal pursuant to *Chuman*.

Furthermore, although Defendants play up the fact that the Ninth Circuit has yet to address the certification of an arbitration appeal as frivolous, they ignore the obvious reason for that: Before the Supreme Court decided *Bielski* just two years ago, appeals of decisions denying a motion to compel did not automatically stay proceedings in the district court.  *See, e.g.*, *Britton v. Co-op Banking Grp*., 916 F.2d 1405, 1412 (9th Cir. 1990), abrogated by *Bielski*, 599 U.S. 736 ("Since the issue of arbitrability was the only substantive issue presented in this appeal, the district court was not divested of jurisdiction to proceed with the case on the merits.").  As a result, the relief Plaintiff requests here—the ability to continue to litigate her claims notwithstanding Defendants' appeal—was automatic; there was no need for parties like Plaintiff to seek certification of these kinds of appeals as frivolous or waived.  The lack of prior Ninth Circuit

---

[2] The courts in *Houghton* and *Shanahan* ultimately elected not to exercise their discretion to certify those appeals as frivolous, although the circumstances in those cases were far less compelling than those here.  In *Houghton*, the court denied the motion to compel "based solely on waiver," not on the merits.  *Houghton*, 2024 WL 5154071, at *7.  In *Shanahan*, defendant's arguments in favor of arbitration were merely "not persuasive," and not, as here, squarely foreclosed by recent Ninth Circuit precedent.  *Shanahan*, 2024 WL 4658276, at *2.

REPLY IN FURTHER SUPPORT OF MOTION FOR *CHUMAN* CERTIFICATION

1    district court decisions certifying arbitration appeals under *Chuman* is thus hardly surprising.[3]

2    Nor is it a reason why this Court should ignore the Supreme Court's explicit admonition that

3    *Chuman* and its analogues apply in cases like this one.

4        **II.    Defendants' Appeal Is Frivolous.**

5            Defendants incorrectly contend that an appeal is frivolous "only where none of the legal

6    points are even *arguable* on their merits." (Opp. at 7 (cleaned up).) As an initial matter, that's

7    not the sole circumstance in which an appeal is frivolous. An appeal is also frivolous "if the

8    results are obvious." *In re George*, 322 F.3d at 591; *see also In re Ly*, 601 F. App'x 494, 497 (9th

9    Cir. 2015) ("Given the case law directly contradicting his position, the result of [appellant's]

10   appeal was obvious and his arguments were 'wholly without merit'."). That's precisely the case

11   here, where the Ninth Circuit has recently decided "exactly" the same issue. (ECF No. 81-1 at

12   8:13-16.) That someone might reasonably seek to take issue with the reasoning in *Suski* itself, or

13   even reasonably contend that *Suski* was wrongly decided, does not change the fact that *Suski* is

14   the law in the Ninth Circuit and inexorably dictates the result of Defendants' appeal. *Suski*'s

15   existence, by itself, is reason enough to certify the forthcoming result of Defendants' appeal as

16   "obvious."

17           In any event, even assuming the standard was as Defendants say it is, Defendants' legal

18   points are not arguable on their merits. Defendants' brief merely rehashes their prior arguments,

19   which this Court has already considered and found to be "just wrong." (ECF No. 81-1 at 15:8.)[4]

20   Defendants put forth no new arguments or legal authority that could change this conclusion.

21   Defendants' appeal is therefore frivolous.

22

23

24

---

25   [3] Furthermore, only district courts, not the Ninth Circuit, make *Chuman* certifications, so it is
     unsurprising there isn't yet Ninth Circuit authority directly "extend[ing]" (Opp. at 5) *Chuman*.

26

27   [4] Rather than re-briefing the merits of Defendants' arguments here, Plaintiff respectfully refers
     the Court to her briefing in opposition to Defendants' Motion to Compel Arbitration (ECF No.
     58) and her Motion (ECF No. 81).

28

1

2

**III.     Defendants Also Forfeited Any Right to Automatically Stay Counts III and IV By Taking an Interlocutory Appeal.**

3

Even if the result of Defendants' appeal were not obvious—and it is—the Court should

4   nevertheless retain jurisdiction over Counts III and IV for the independent reason that Defendants

5   forfeited the right to automatically stay those counts by taking an interlocutory appeal.  As

6   Plaintiff explained in detail in her Opposition to Defendants' Motion to Compel (ECF No. 58)

7   and in her Motion (ECF No. 81), Defendants *expressly* waived their right to arbitrate, including

8   by telling the Court they "d[id] not believe that the case [wa]s suitable for reference to binding

9   arbitration" (ECF. No. 58 at 19 (citing ECF No. 37 § 13)) and that Plaintiff had a "right to a jury

10  trial" on Counts III and IV (ECF No. 58-7 at 12:19-13:21).  Further, for seven months following

11  the filing of Plaintiff's Complaint, Defendants' defense of this case was irreconcilable with any

12  purported right to arbitrate:  They initially moved to dismiss just a portion of Plaintiff's complaint,

13  while actively engaging in discovery on the rest.  (ECF Nos. 58 at 3, 81 at 5-6.)  It was only after

14  this Court denied their motion to dismiss that Defendants changed course and sought arbitration.

15  (ECF No. 58 at 2-4.)  These express disclaimers and actions waived not only any right to arbitrate,

16  but also waived any right to bring further litigation on Counts III and IV to a halt by taking an

17  immediate appeal regarding Defendants' belated motion to compel arbitration.

18

Defendants attempt to avoid this outcome by mischaracterizing what Plaintiff's Motion

19  asks this Court to do.  They argue that Plaintiff "illogically conflates" the waiver of a right to

20  arbitrate with the waiver of a right to appeal.  (Opp. at 10-11.)  And, they say, even if they waived

21  their right to arbitrate, they did not waive the right to appeal a denial of their motion to compel

22  arbitration.  (*Id.*)  But it is Defendants, not Plaintiff, who have conflated things.  Whether

23  Defendants have a right to appeal is a separate question from whether Defendants have the right

24  to automatically stay Counts III and IV by taking an interlocutory appeal.  Plaintiff does not

25  disagree that Defendants can appeal this Court's decisions.  Indeed, they have done so, and only

26  the Ninth Circuit has the authority to resolve that appeal.

27

Plaintiff's Motion does not, and could not, seek to resolve Defendants' appeal.  Plaintiff

28

1    also is not asking this Court to find that Defendants forfeited their right to any appeal.  She is not

2    even asking this Court to find that Defendants forfeited their right to take an appeal right now.

3    All she asks is that this Court find that the Defendants forfeited any right to bring proceedings on

4    Counts III and IV to an immediate halt while their appeal proceeds, on the grounds that

5    Defendants' months-long disavowal of arbitration is entirely inconsistent with such a stay.  And

6    even that limited relief is subject to the caveat that if this Court issues a *Chuman* certification,

7    Defendants can still go to the Ninth Circuit and ask it to stay Counts III and IV during their appeal.

8          For these reasons, Defendants' argument that they could forfeit the right to arbitrate

9    Counts III and IV but still somehow preserve a right to insist that Counts III and IV be

10   automatically stayed pending their interlocutory appeal makes no sense.  And none of the cases

11   they cite supports that bizarre claim.  To the contrary, *Apostol* held that if defendants "use claims

12   of immunity in a manipulative fashion, they surrender any entitlement to obtain an appellate

13   decision before trial." *Apostol v. Gallion*, 870 F.2d 1335, at 1339 (7th Cir. 1989) (citing *Kennedy*

14   *v. City of Cleveland,* 797 F.2d 297, 300 (6th Cir.1986)).   Here, Defendants engaged in

15   gamesmanship and manipulation when they expressly waived their right to arbitration and moved

16   to dismiss Plaintiff's claims, and then, two days after that motion was denied, sought to compel

17   arbitration.  (ECF No. 58 at 2-4.)  Defendants' remaining cases also provide no support.  *Hill v.*

18   *Xerox Bus. Servs., LLC* did not deal with an "express disavowal of arbitral forums," as here.  59

19   F.4th 457, 471-472 (9th Cir. 2023).  *Batory v. Sears, Roebuck & Co*. affirmatively found that

20   plaintiff did *not* waive his right to arbitration.  124 F. App'x 530, 534 (9th Cir. 2005).  And

21   *Rafique v. Premier Fin. All., Inc*. never even addressed whether defendants' waiver of their right

22   to arbitrate caused them to forfeit their right to insist on an appellate stay pending an interlocutory

23   appeal.  No. 23-CV-00732-JST, 2025 WL 1073767, at *2 (N.D. Cal. Mar. 12, 2025).  Defendants

24   offer no legal—or even common sense—explanation for how they could have preserved their

25   right to insist on a stay of Counts III and IV while they take an immediate appeal of arbitral rights

26   they expressly disclaimed for seven months, and there is none.

28

REPLY IN FURTHER SUPPORT OF MOTION FOR *CHUMAN* CERTIFICATION

1

**IV.     Plaintiff Isn't Seeking Two Bites at the Same Apple.**

2          Finally, Defendants cite Plaintiff's pending motion in the Ninth Circuit, arguing that

3    Plaintiff seeks "two bites at the same apple." (Opp. at 6.)  That's incorrect.  Plaintiff asks this

4    Court to certify Defendants' appeal as frivolous so that the Court can proceed with the entire case

5    while the appeal is pending.  Regardless of this Court's decision, only the Ninth Circuit can

6    ultimately decide Defendants' appeal.  By contrast, Plaintiff's Ninth Circuit motion asks the court

7    of appeals to resolve the appeal as a whole or to expedite it, two things this Court lacks authority

8    to do.

9          Defendants also selectively quote *Bielski* to suggest that "courts of appeals" alone

10   "possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals."

11   (Opp. at 6.)  But Defendants ignore the Supreme Court's subsequent articulation of those tools,

12   which include that "a district court itself may certify that an interlocutory appeal is frivolous."

13   *Bielski*, 599 U.S. 736 at 745.  This is precisely what Plaintiff seeks here.  Moreover, nothing in

14   *Bielski* suggests that only one such "tool" should be used at a time.  To the contrary, *Bielski*

15   contemplates that "a party can ask the court of appeals to summarily affirm" an interlocutory

16   appeal "in addition" to "a process by which a district court itself may certify that an interlocutory

17   appeal is frivolous." *Id*.  Plaintiff is proceeding precisely as the Supreme Court has suggested.

18                                                    * * *

19         For the foregoing reasons, Plaintiff respectfully requests the Court certify Defendants'

20   interlocutory appeal as both frivolous and waived pursuant to *Chuman*.  If Defendants nonetheless

21   believe a stay pending interlocutory appeal is appropriate, then they would remain free to seek

22   one from the Ninth Circuit.

23

24

25

26

27

28

REPLY IN FURTHER SUPPORT OF MOTION FOR *CHUMAN* CERTIFICATION

1   Dated: October 30, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

WIGGIN AND DANA LLP


By:   *Nathan E. Denning*
         Nathan E. Denning

Attorneys for Plaintiff
   LESLIE BERLAND

REPLY IN FURTHER SUPPORT OF MOTION FOR *CHUMAN* CERTIFICATION