UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BERLAND,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>X CORP., SUCCESSOR IN INTEREST TO TWITTER, INC., et al.,<br><br>　　　　Defendants. | Case No.  24-cv-07589-JSC<br><br>**ORDER RE: MOTION FOR CHUMAN CERTIFICATION**<br><br>Re: Dkt. No. 81 |

Defendants have appealed the Court's denial of their motion to compel arbitration of Plaintiff's state law claims. (Dkt. Nos. 69, 75.)[1] Now pending before the Court is Plaintiff's motion for an order certifying Defendants' interlocutory appeal is frivolous or waived and retaining jurisdiction over Plaintiff's state law claims pursuant to *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). (Dkt. No. 81.) Having carefully considered the parties' submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the November 20, 2025 hearing, and DENIES Plaintiff's motion. Plaintiff has not met the high bar of showing Defendants' appeal is frivolous or waived to warrant issuing a *Chuman* certification and proceeding with Plaintiff's state law claims pending appeal.

**BACKGROUND**

Plaintiff sued Defendants for (1) plan benefits under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (2) unlawful discharge to interfere with the right to plan benefits under ERISA § 510, 29 U.S.C. § 1140; (3) breach of contract; and (4) breach of the implied covenant of good faith and fair dealing. (Dkt. No. 26.) Defendants moved to compel arbitration of Plaintiff's third and

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

fourth causes of action. (Dkt. No. 56.) Defendants relied on a 2016 Dispute Resolution Agreement, which included an arbitration provision. (Dkt. No. 69 at 1.) However, in 2018, 2019, 2020, 2021, and 2022, Plaintiff had entered into Award Agreements, which included a forum selection clause. (*Id.* at 2.) Because "[a] contract containing a forum selection clause supersedes an arbitration agreement where the forum selection clause[] . . . sufficiently demonstrate[s] the parties' intent to do so," the Court denied Defendants' motion. (*Id.* at 4, 8.) *See Suski v. Coinbase, Inc.*, 55 F.4th 1227, 1230 (9th Cir. 2022) (cleaned up), *aff'd*, 602 U.S. 143 (2024). Defendants appealed the denial of their motion to compel arbitration. (Dkt. No. 75.) Plaintiff now asks the Court to issue a *Chuman* certification. (Dkt. No. 81.)

## DISCUSSION

"An appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). So, "a district court must stay its proceedings while [an] interlocutory appeal on arbitrability is ongoing." *Id.* In response to concerns "an automatic stay would encourage frivolous appeals that would improperly delay district court proceedings," the Court explained:

> [T]he courts of appeals possess robust tools to prevent unwarranted delay and deter frivolous interlocutory appeals. For example, a party can ask the court of appeals to summarily affirm, to expedite an interlocutory appeal, or to dismiss the interlocutory appeal as frivolous. In addition, nearly every circuit has developed a process by which a district court itself may certify that an interlocutory appeal is frivolous.

*Id.* at 744-45. In *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992), the Ninth Circuit adopted such a process; specifically, when a "district court find[s] that the defendants' claim . . . is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial" notwithstanding the interlocutory appeal. *Id.* at 105. Upon such certification, the appealing party may still apply to the Ninth Circuit for a "discretionary stay." *Id.* at 105 n.1.

Defendants first argue *Chuman* certifications are not applicable to interlocutory appeals of an order denying a motion to compel arbitration. *Chuman* extended a certification process for

2

interlocutory appeals of denials of a motion to dismiss based on double jeopardy, adopted in *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991), to appeals from a denial of qualified immunity. *See Chuman*, 960 F.2d at 105. Defendants correctly note Plaintiff has not cited any case in which a district court issued a *Chuman* certification for the appeal of a denied motion to compel arbitration. However, in light of *Bielski*'s reliance on the existence of some process for a district court to certify an appeal as frivolous, and recent courts' acknowledgment *Chuman* can apply to motions to compel arbitration, the Court will not deny Plaintiff's motion on this ground. *See, e.g.*, *Houghton v. Leshner*, No. 22-CV-07781-WHO, 2025 WL 798150, at *1 (N.D. Cal. Jan. 28, 2025) (recognizing *Chuman* certification authority but refusing to issue); *Rafique v. Premier Fin. All., Inc.*, No. 23-CV-00732-JST, 2025 WL 1073767, at *1-2 (N.D. Cal. Mar. 12, 2025) (same).

However, Defendants' appeal is not frivolous. "An appeal is frivolous if it is 'wholly without merit.'" *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1003 n.3 (9th Cir. 2002) (citation omitted); *see also In re George*, 322 F.3d 586, 591 (9th Cir. 2003) ("An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." (quotation marks and citation omitted)). Although the Court is not persuaded by Defendants' attempts to distinguish *Suski* or to interpret the Award Agreements and Dispute Resolution Agreement so as to harmonize the provisions and compel arbitration, Defendants' arguments are not so wholly without merit or obviously wrong as to be frivolous. *See Rafique*, 2025 WL 1073767, at *1 ("The standard for a frivolous appeal is quite high, . . . and a party's mere disagreement with the merits . . . does not constitute frivolousness." (cleaned up)).

Plaintiff also requests a *Chuman* certification because Defendants "previously waived any purported right to arbitrate" by waiting too long to compel arbitration. (Dkt. No. 81 at 7.) But Plaintiff's argument is based on a misunderstanding of *Chuman*. *Chuman* relied on *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989), in which the Seventh Circuit explained "Defendants may waive or forfeit their right . . . to obtain an appellate decision before trial" by "wait[ing] too long after the denial of summary judgment" to appeal. *Id.* at 1339. A *Chuman* certificate on waiver grounds is therefore appropriate when the appealing party forfeits its right to an interlocutory

appeal of a district court order, not its right to compel arbitration in the district court. *Cf. Rafique*, 2025 WL 1073767, at *1-2 (refusing *Chuman* certificate when district court denied arbitration based on Defendants' waiver of right to compel arbitration because appeal was not frivolous, without considering *Chuman* waiver). Plaintiff does not cite any case in which a court certified an interlocutory appeal as waived because defendants waived their right to compel arbitration. Furthermore, the Court has not ruled on Plaintiff's argument Defendants waived their right to compel arbitration, so it is not subject to appeal.

So, Defendants' claim is not frivolous or waived so as to warrant a *Chuman* certification.

## CONCLUSION

For the reasons explained above, the Court DENIES Plaintiff's motion for a *Chuman* certification. The Court therefore STAYS Plaintiff's state law claims pending the Ninth Circuit's decision. As Plaintiff's ERISA claims are not stayed, the November 20, 2025 case management conference remains on calendar.

This Order disposes of Docket No. 81.

**IT IS SO ORDERED.**

Dated: November 10, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge

4