UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE BERLAND,<br><br>               Plaintiff,<br><br>          v.<br><br>X CORP., SUCCESSOR IN INTEREST TO<br>TWITTER, INC., et al.,<br><br>               Defendants. | Case No.  24-cv-07589-JSC<br><br>**ORDER RE: JOINT SEALING<br>MOTION FOR DISCOVERY LETTER**<br><br>Re: Dkt. No. 133 |

United States District Court
Northern District of California

The parties filed a joint discovery letter regarding Defendants' request to continue Plaintiff's deposition for an additional four hours.  (Dkt. No. 129.)  Now pending before the Court is the parties' joint administrative motion to file an unredacted version of the joint discovery letter and accompanying exhibits under seal.  (Dkt. No. 133.)

There is a right of public access to judicial records and documents.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  In considering motions to seal, "a strong presumption in favor of access is the starting point."  *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (cleaned up).  So, parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (cleaned up).  However, records attached to "nondispositive motions" which are "not related, or only tangentially related, to the merits of a case," are not subject to the strong presumption of access and must instead meet a lower "good cause" standard.  *See Ctr. for Auto Safety*, 809 F.3d at 1098-99.  "The good cause standard [still] requires a 'particularized showing,'"

. . . 'that specific prejudice or harm will result' if no protective order is granted." *Access Optical Networks, Inc. v. Seagate Tech. LLC*, No. 24-CV-03745-EKL (VKD), 2025 WL 2856297, at *1 (N.D. Cal. Oct. 8, 2025) (citing *Kamakana*, 447 F.3d at 1180; *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

In addition, under Civil Local Rule 79-5, sealing is only permitted when the parties have established "the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." *See* N.D. Cal. Civ. L.R. 79-5(c)(1). Civil Local Rule 79-5 also requires the parties to "narrowly tailor[]" their requests only to the sealable material. *Id.* at 79-5(c)(3).

As a discovery motion "tangentially related[] to the merits of [the] case," the good cause standard applies to this letter and its exhibits. *See Ctr. for Auto Safety*, 809 F.3d at 1097 (noting good cause exception applies to "sealed materials attached to a discovery motion").

| Docket Entry | Proposed Information to Seal and Reasons for Sealing | Ruling on Motion |
|---|---|---|
| Dkt. No. 133-2 (Joint discovery letter) | The parties seek to seal information from Plaintiff's deposition concerning size of her 2022 bonus and whether she owed Twitter a fiduciary duty as "sensitive personal information such as financial information." *See Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *3 (N.D. Cal. Sept. 5, 2018). | The Court **GRANTS** the request as to Plaintiff's bonus, but otherwise **DENIES** the request. |
| Dkt. No. 133-3 (Jan. 30, 2026 letter from defense counsel to plaintiff's counsel) | The parties seek to seal information regarding Plaintiff's bonus and fiduciary duties, "personal exchanges" with Elon Musk, and "messages with and about Plaintiff's family." (Dkt. No. 133 at 4.) *See Pryor v. City of Clearlake*, No. C 11-0954 CW, 2012 WL 3276992, at *5 (N.D. Cal. Aug. 9, 2012) (granting motion to seal "highly personal, sensitive" documents when the "privacy interest in preventing their disclosure significantly outweighs the | For the reasons explained above, the Court **GRANTS** the request to seal information regarding Plaintiff's bonus but **DENIES** the request as to whether she owed a fiduciary duty. The Court also **DENIES** the remaining requests to seal information in this letter because the parties have not explained "the injury that will result if sealing is denied." *See* |

United States District Court
Northern District of California

| | | |
|---|---|---|
| | public's interest in the information"). | N.D. Cal. Civ. L.R. 79-5(c)(1). |
| Dkt. No. 133-4 (Plaintiff's Interrogatory Responses) | The parties seek to seal Plaintiff's personal email, social media handle, and cell phone number. *See Cross v. Cent. Contra Costa Transit Auth.*, No. 21-CV-01312-JST, 2024 WL 3658045, at *1 (N.D. Cal. July 22, 2024) (finding good cause to seal "personal identifying information," including email address and phone number). | The Court **GRANTS** the request because there is good cause to seal personal identifying and contact information. *See Cross*, 2024 WL 3658045, at *1. |
| Dkt. No. 133-5 (Mar. 3, 2026 letter from plaintiff's counsel to defense counsel) | The parties seek to seal the fact Plaintiff's pending divorce was discussed at her deposition, as "personal and private third-party confidential information," *William v. Morrison & Foerster LLP*, No. 18-CV-02542-JSC, 2021 WL 461891, at *2 (N.D. Cal. Feb. 9, 2021), as well as other deposition testimony regarding Defendants' reliance on the travel policy, as attorney-client privileged information, *see In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3067783, at *3 (N.D. Cal. Mar. 16, 2018). | The Court **DENIES** the request to seal a reference to Plaintiff's pending divorce. *Cf. Hadley*, 2018 WL 7814785, at *3 (refusing to seal information about the plaintiff's romantic relationships). However, the Court **GRANTS** the request to seal any attorney-client privileged information produced pursuant to the parties' agreement it would be filed only under seal. *See Anthem*, 2018 WL 3067783, at *3. |

To the extent parties seek to seal information for which the Court has denied sealing, the parties should file a renewed motion explaining why sealing is warranted under the good cause standard by **March 27, 2026**.  Otherwise, the parties should file the discovery letter and exhibits with redactions consistent with this Order by **March 27, 2026**.

This Order disposes of Docket No. 133.

**IT IS SO ORDERED.**

Dated: March 20, 2026

*Jacqueline Scott Corley*

JACQUELINE SCOTT CORLEY
United States District Judge